## HOLLIS HASTINGS *vs.* WILLIAM R. WEBBER.

FRANKLIN,
*January,*
1829.

A declaration in *covenant,* alleging " that the defendant, by his deed under his
hand and seal, covenanted with the plaintiff, that he was *well seized of certain
premises in said deed described—that they were free and clear from all incumbrances:*
and that he *would warrant and defend said premises,"* &c. concluding with an aver-
ment, *" that the defendant was not seized,"* &c. is sufficient to show that the ac-
tion concerns the title to land, and that a justice of the peace has no jurisdiction
therein, under the first section of the act of 1821, respecting the powers of justices
of the peace : and a writ of *audita querela,* brought to set aside a judgment render-
ed by a justice of the peace by default in such an action, setting fourth the cause of
action, as above mentioned, was, on demurrer, held to be sufficient.

This was a writ of *audita querela,* stating that, " on the first
day of October, 1827, *William R. Webber,* by his natural guar-
dian, *Aaron Webber,* prayed out a writ of attachment in his fa-
vour against the said *Hollis Hastings,* dated the day and year
last aforesaid, signed by *Urial Smith,* justice peace within and
for said county of *Franklin,* demanding eighty dollars damages,
returnable before said justice *Smith,* on the third Tuesday of
October, 1827, in and by which the said *Hollis,* was attached to
answer unto the said *William R. Webber,* in an action of *cove-
nant broken,* which said declaration was in the words and fig-
ures following, to wit : ' for that the defendant, on the 24th day of
" Nov. 1824, by his deed under his hand and seal of that date,
" covenanted, among other things, with the said *William R.* that
" he, the said defendant, was well seized of certain premises in
" said deed described—that they were free from all incumbran-
" ces—that he, the said defendant, would warrant and defend said
" premises from all lawful claims, as by said deed ready to be
" produced will appear : and the plaintiff avers that the said prem-
" ises were not free of all incumbrances—that the defendant was
" not seized of said premises, and that he has not warranted and
" defended the said premises, as in said deed he had covenanted".
And the complainant says, that afterwards, to wit, on the said
27th day of November, 1827, at *St. Albans,* aforesaid the said
*William R. Webber,* by the consideration of said justice recov-
ered a judgment in the suit aforesaid in his favour against the
said complainant for the sum of sixty dollars damages, and for
the sum of two dollars and seventy five cents costs of said suit,
and afterwards, to wit, on the same 27th day of November, 1827,
the said *William R. Webber,* prayed out a writ of execution,"

FRANKLIN, &c. *kt* And the complainant saith that the aforesaid judgment
*January,*
1829.  and execution are illegal, void and oppressive, in this, that the
—————  said justice had no jurisdiction of the subject matter of the afore-
Hastings  said suit in which the aforesaid judgment was rendered, and prays
*vs.*
Webber.  that said judgment and execution may be set aside," &c.

To this complaint there was a demurrer, and several special
causes assigned, to wit :

1. It is not alleged in said complaint, what other court or juris-
diction might lawfully entertain and try said action in favour of the
said *William* against the said *Hollis*, if the said justice of the
peace could not.

2. It is not alleged how, or wherein, the want of jurisdiction
in said justice peace consisted ; whether in the subject matter of
the suit, or in some interest or relationship of said justice, or from
his having acted as counsel for either of the parties.

3. It is not alleged that the trial of said action necessarily would
or could draw in question the right or title of any lands or real
estate.

4. It is not alleged that the right or title of any lands or real
estate did come in question in said action.

5. It is not alleged that the want of jurisdiction was ever
pleaded or objected to said action : but on the contrary, it does
appear by the record of said action enrolled in this suit, that the
complainant submitted himself to the jurisdiction of said justice,
and confessed the cause of action before said justice by becom-
ing defaulted.

It appeared by the record of the original suit that the said *Hol-
lis Hastings* did not defend, but suffered a default in said action.

The cause was tried in the county court at June adjourned
term, 1828, when a judgment was rendered for the defendant
that the complaint was insufficient. The plaintiff excepted to the
decision, and removed the cause to the Supreme Court.

*Mr. Smith, for the complainant.*—It is contended in support
of the complaint, 1. That it is not necessary to state what other
court had jurisdiction, especially as it was a court of inferior juris-
diction that rendered the judgement complained—1 *Chitty's Pl.*
433.—6 *East,* 600—601.

2. It does appear from the complaint that it was on account of
the *subject matter* that said justice had no jurisdiction of said suit.

3. It does appear from the complaint that the title of land
necessarily came in question : it was the very gist of the action,
whether the said complainant *was well seized* of the *premises,* and
*whether they were free and clear of all incumbrances* ; and wheth-
er he had warranted and defended said premises. Seizen in

law means a right to lands and tenements. 2 *Jacob's Law Diction-*
*ary, Seizen.* Again, it is not necessary to allege that the title of
land did come in question ; but it is sufficient that it appears from
the complaint, that the title of land was concerned. *Stat.* 139, 
1 *Sec. of Act passed No v.* 15*th* 1821.

4. It was not necessary to allege in the complaint that the want of
jurisdiction was ever pleaded, and the fact that the complainant
appeared could not give the court jurisdiction.

*Royce and Hunt, for the defendant.*—A justice's court being
a court of record in this state, all reasonable presumptions are to
be made that the jurisdiction of such court, as well as other courts
of record, is properly exercised. And as the effect of this com-
plaint, if sustained, is not only to vacate the final judgement of
the magistrate, but to subject all who have acted under it, the
Court will require a clear case on the part of the complainant be-
fore they will pronounce the judgement and execution void.

Another principle to be applied in this case is, that every de-
claration or complaint, or other pleading, is to be construed more
strongly against the pleader than his adversary. Nothing is,
therefore, to be added to this complaint by construction or intend-
ment, in order to *oust* the jurisdiction of the justice.

We then contend, 1. That it does not appear from the decla-
ration before the justice, as recited in this complaint, that he had
not jurisdiction to hear, try and determine, the cause of action
therein mentioned. It is not averred in the complaint, nor will
the Court presume in aid of the complaint, that the deed there
spoken of was a deed of conveyance of real estate, or that the
covenants declared on related to real estate ; the word " premis-
es" and the other words there used being equally applicable to
other descriptions of property.

2. That if the want of jurisdiction does not necessarily and
conclusively appear from the declaration before the justice, his pro-
ceedings are now valid, though he might not have had jurisdiction
to hear, try, and determine the subject matter intended to be liti-
gated. It appearing from the record of the justice enrolled in
this case, that the defendant in that action did not defend it, but
suffered a default, the judgement is apparently good ; unless the
Court say, that the trial would certainly have put the title of land
in issue. This is more than the complainant has seen fit to say,
and it is to be presumed he has made the best of his case.

PRENTISS, J. delivered the opinion of the Court.—A justice of
the peace is authorized and empowered to hear, try, and deter-
mine, all pleas and actions of a civil nature, other than actions for

FRANKLIN,
January,
1829.

Hastings
*vs.*
Webber.

slanderous words, false imprisonment, replevin above the sum of seven dollars, trespass upon the freehold, and where the title of land is concerned, where the debt or other matter in demand, does not exceed the sum of one hundred dollars.—*Comp. Stat. p.* 139, *s.* 1.—An action of covenant broken on a deed of conveyance, in which a breach is assigned, that the defendant was not seized, or had no right to convey the land, brings the title to real estate directly in question.—*Bickford vs. Page*, 2 *Mass.* 462, *n.* As the statute excludes from the jurisdiction of a justice of the peace all actions *where the title of land is concerned*, and an action of covenant on a deed of conveyance of land necessarily concerns the title of land, the only question in this case is, whether it sufficiently appears from the plaintiff's writ, that the original action, in which the judgment complained of was rendered, was of that description.

There is no formal and express averment in the plaintiff's writ, that the action, in which the judgment was rendered, concerned the title to land ; but the writ sets forth the declaration in the original action, *in hæc verba*, and from that alone we must determine whether the action concerned a title to land or not.— The declaration, as recited in the plaintiff's writ, appears to be a concise statement of the cause of action ; and this is all that is ever required in a suit before a justice of the peace. In actions upon bond, bill, note, or promise, it is necessary to state only the nature of the contract, with the date, sum, and time when payable ; and in other actions, there need be only a description of the matter of demand or cause of action, so far as to specify the general nature of the action.—*( Comp. Stat. p.* 329, 330.*)*—From the declaration set forth, it appears, that the original action was an action of covenant broken, in which it was alleged, that the defendant, by his deed under his hand and seal, of a particular date stated, covenanted with the plaintiff, that he was well *seized* of *certain premises in said deed described*, that they were *free from all incumbrances,* and that he would *warrant and defend* said *premises*, &c. ; concluding with an averment, .that the defendant was *not seized*, &c. No description was given of the *premises* in the declaration, nor was it stated what they consisted of. In some cases, this would be unnecessary, even where the declaration is required to be critically formal and correct. In declaring in an action of covenant upon a deed of demise, instead of setting out the parcels of land, it is the common practice, and sufficient, to give no other description than to say, *certain premises particularly mentioned and described in said deed.*—(1 *Saund.* 233. *n.* 2.)—In such a case, there is no doubt, that the *premises*

FRANKLIN,
*January,*
1829.

Hastings
*vs.*
Webber.

mentioned in the declaration, would be intended to be lands or tenements. And we think that the *premises*, stated in the declaration recited in the writ in this case, must be taken to be lands, especially when it is considered that a full and formal declaration is not required in any case before a justice of the peace. The covenants, stated to be contained in the deed upon which the action was brought, are the covenants of *seizin*, against *incumbrances*, and of *warranty*. These are the usual covenants contained in a conveyance of lands, and, according to any reasonable intendment and construction, can apply only to lands. The former, in particular, has an established technical meaning, applicable to lands, and imports an estate in fee, and would be altogether unmeaning and untelligible in a conveyance of personal property. By intending the deed, which is alleged to contain these covenants, to be a conveyance of real estate, we intend nothing but what appears with sufficient certainty upon a fair and reasonable construction of the declaration itself.

Judgment of the county court reversed,<br>and judgment entered for the plaintiff.

*Smith*, for plaintiff.
*Royce and Hunt*, for defendant.