Benjamin Whitney *v.* Silas Bowen *et al.*

In an action on the case for a nuisance affecting the real estate of the plaintiff, the title to lands may be drawn in question, and a justice of the peace, in such case, has no jurisdiction.

This was an action of debt on a judgment rendered by a justice of the peace, and the question, in this court, was upon the validity of that judgment. The plaintiff had commenced his action against the defendants before the justice, declaring in case for a nuisance in erecting a board fence so near the dwelling house of the plaintiff that his lights were obstructed and he injured in the use and enjoyment thereof. From the justice's records it appeared that, in that suit, the defendants pleaded to the jurisdiction of the court, alleging that the action related to an interest in lands, and that the land, upon which the fence was erected, belonged to the defendants. This plea was overruled by the justice, and the judgment, being the same on which this suit was brought, was rendered for the plaintiff.

The defendants, in the county court, pleaded that that court ought not further to take cognizance of or sustain the action upon said judgment, because the cause of action, in the suit in which the judgment was rendered, if any, was not within the jurisdiction of a justice of the peace, &c. On demurrer to the defendants' plea, the county court rendered judgment for the defendants. The plaintiff excepted.

*S. Foot*, for plaintiff.

*Merrill & Ormsbee*, for defendants.

The opinion of the court was delivered by

Bennett, J.—The only question in this case is whether the justice had jurisdiction of the original action. If he had not, the whole proceedings were *coram non judice*, and void; and no action can be maintained on his judgment. By the statute regulating the jurisdiction of justices of the peace, (Comp. stat. 139,) they have no jurisdiction in actions where the title of land is concerned. There can be no doubt that many cases may arise, other than real or mixed actions, as they are termed, in which the title to land may be concerned. An action of covenant broken on a deed of conveyance, where the breach assigned is that the defendant was not seized, or had no right to convey the lands,

brings the title directly in question, and a justice has, in such case, no jurisdiction. *Bickford* v. *Page*, 2 Mass. R. 462, note. *Hastings* v. *Webber*, 2 Vt. R. 407. So, probably, an action on the case against a sheriff for a defective levy of an execution on real estate, would form another instance.— There can be no doubt that in an action for a nuisance affecting the real estate of the plaintiff, the interest of the plaintiff in such estate is put directly in issue. If he has no interest, most certainly he is not the person who sustains damage.— We also understand this same question has been formerly decided in this county, in the case, if I mistake not, of *Underwood* v. *Walker*, which is not reported. The judgment of the county court is, therefore, affirmed.