Haven *v.* Needham et al.

SIMON E. HAVEN *v.* NEEDHAM & DENNIS.

A justice of the peace has no jurisdiction of an action brought to recover damages for obstructing a water course, whereby the plaintiff has suffered injury by the overflowing of his land.

If a plaintiff, in order to sustain his action, is obliged to rely upon and prove a possessory title, even, to premises described in his declaration, a justice of the peace has no jurisdiction of the suit.

TRESPASS ON THE CASE. The plaintiff alleged in his declaration, in substance, that he was possessed of a messuage, describing it, along which a stream of water flowed and of right ought to flow, and that the defendants, by an embankment built upon their own land, had obstructed the stream, by means of which it overflowed the plaintiff's land, whereby he had suffered injury. The action was commenced before a justice of the peace, and came to the county court by appeal. In the county court the defendants moved to dismiss the suit, averring that the title of land was concerned, and that so a justice of the peace had not jurisdiction.

Haven *v.* Needham et al.

The county court, December Term, 1847,—BENNETT, J., presiding,—dismissed the suit *pro forma.* Exceptions by plaintiff.

*Linsley* and *Beckwith* for plaintiff.

*Barber* and *Bushnell,* for defendants, relied upon the case of *Whitney* v. *Bowen et al.,* 11 Vt. 250.

The opinion of the court was delivered by

HALL, J. The only question in the case is, whether the title of land came in question in the suit, within the meaning of the statute prohibiting a justice of the peace from taking jurisdiction of actions, where the title of land is concerned.

It is obvious, that the title of land may incidentally come in question in various forms of action,—as, for instance, in assault and battery, where the defendant justifies the assault in defence of his freehold. I apprehend that in such a case the jurisdiction of the justice would not be arrested, but that he should proceed to hear and determine the title, so far as it affected the rights of the parties in the suit, in the same manner that the matter would be heard and determined in a superior court. But if from the nature of the suit, as shown by the declaration, the title of land must directly and necessarily be concerned, the prohibition must have effect.

In this case the plaintiff declares, in substance, that he was possessed of a messuage, along which a stream of water flowed and of right ought to flow, and that, by an embankment upon the defendant's land, the defendants obstructed the stream, by means of which it overflowed the plaintiff's land, to his injury. If the plaintiff could maintain this action, without showing title to land, I think the justice should not be excluded from taking jurisdiction over it. But it is obvious, that the very first step in his proof must be to show title to the land, which has been injured. If he have no title to the land, he cannot maintain the action. It is true, he need not prove a documentary title. He need not show an adverse possession for fifteen years. Possession alone will be sufficient. But possession is one species of title, and is, in effect, a perfect title against a stranger. It could not have been the intention of the legislature to distinguish between the different grades of title, and allow a jus-

tice jurisdiction of one grade, and exclude him from trying another. He must be considered as prohibited from trying the title to land, whatever may be the character of the evidence by which the title is attempted to be maintained.

The case comes clearly within the principle of that of *Whitney* v. *Bowen*, 11 Vt. 250, where it was held, that an action on the case for erecting a board fence, by which the plaintiff's lights were obstructed, was not within the jurisdiction of a justice. In that case, as in this, it was necessary for the plaintiff to show title to the estate which had been injured; and in that, as in this, a mere possessory title was sufficient.

The judgment of the county court affirmed.