### John Shaw v. James Gilfillan.

A justice of the peace has not jurisdiction, under Rev. St., ch. 26, sec. 7, of an action on the case, brought by a land owner, under the provisions of chap. 89 of the Revised Statutes, against the owner of adjoining land, to recover the expense of building that part of the division fence between them, which the fence viewers have assigned to the defendant as his proportion thereof. .

Fence viewers have no authority to settle the rights of different claimants of land, or to establish disputed boundaries; and neither party is precluded, by their decision, from contesting the question of ownership in himself, or in the adverse party, or the location of their boundaries.

THIS was an action on the case, to recover the expense of building a division fence,—commenced before a justice of the peace and brought to the county court by appeal. The plaintiff alleged in his declaration, that, dispute having arisen between himself and the defendant concerning a certain division fence between their adjoining lands, he made application to the fence viewers of the town, and that they decided, upon due examination and notice to the parties, that the defendant should build one half of the fence, describing it, and that the defendant having neglected, for more than three years after such division, and after proper request, to build his half of the fence, the plaintiff had built it, and that the defendant neglected and refused to pay him therefor. The defendant pleaded, in the county court, the general issue, with notice that he should prove, in defence, that he was not the owner of the land adjoining the plain-

tiff's land, upon which the said fence had been built, but that the title to said land was in the heirs of one Robert Gilfillan, deceased; and that the fence was not built upon the true line between the plaintiff's land and the land adjoining. The defendant then moved to dismiss the suit, for want of jurisdiction in the justice, before whom the suit was commenced, to try the same,—alleging, that he pleaded before the justice certain pleas, by which the title to land came in question, and then moved the justice to dismiss the suit for want of jurisdiction; and that the justice overruled the motion, and the defendant had now pleaded the same pleas in this court and formed the same issue, as before the justice. The defendant also alleged in his motion, that the justice was interested in the suit, by reason of his holding a mortgage of the plaintiff's land, described in the declaration.

The county court, June Term, 1850,—POLAND, J., presiding,— dismissed the suit; to which decision the plaintiff excepted.

*M. Hale* and *J. Potts* for plaintiff.

The statute confines the jurisdiction of justices to twenty dollars, when the title of land is concerned. Rev. St. 170, § 7. In this case the title to land is not called in question by the declaration, nor does that question necessarily arise in the defence. The fence viewers have decided, where the fence should be built, and their decision is conclusive upon the parties. Rev. St. 417, §§ 2, 3.

*Bartlett* and *Bingham* for defendant.

If from the nature of the suit, as shown by the declaration, the title of land comes necessarily in question, a justice of the peace has not jurisdiction, under Rev. St. chap. 26, section 7. The action is founded upon the provisions of chap. 89 of the Revised Statutes, and the allegation in the declaration, that the plaintiff and defendant are adjoining owners of land is not only an essential allegation for the plaintiff to make, but is the first important point for him to prove upon the trial. And the plaintiff must also prove, that the fence is built upon the line dividing the plaintiff's land from that of the defendant, or, if it varies from that line, that it is by the agreement of the parties, or by the order of the fence viewers. So, also, when, by the course of the pleadings, the title of land comes in

question, or is contested, in a suit, the prohibition must take effect· 19 Vt. 223. And in this case both the title to the land and the correctness of the line, on which the fence is built, are put in issue by the plea.

The opinion of the court was delivered by

POLAND, J.   We are all of opinion, that the present case comes within the list of actions excepted from the jurisdiction of a justice of the peace, by the Revised Statutes, chap. 26, sec. 7, upon the ground, that the title of land is concerned.

The plaintiff alleges in his declaration, that he was the owner of a piece of land in Barnet, and that the defendant was the owner of another piece of land adjoining thereto. This allegation we think a material one, and one that the plaintiff, upon a trial of the action upon the plea of the general issue, putting him to the proof of his whole case, would be required to establish by evidence;—indeed, it seems to be an allegation lying at the very foundation of the whole proceeding, by which the suit is attempted to be sustained.

It is urged, however, by the counsel for the plaintiff, that if there ever existed any question between the parties, as to their being adjoining owners, or in relation to the true dividing line between them, if they were such owners, that question cannot now be raised in this suit,—upon the ground, that the decision of the fence viewers, in the premises, is in the nature of a judgment, and concludes the parties in relation to the questions of adjoining ownership and the location of their boundary line. But this doctrine would invest fence viewers with a much higher and more responsible duty, than they have generally been supposed to possess, and much beyond the terms of the statute defining and prescribing their official duty. In cases like the present the fence viewers are only authorized, by statute, to determine the proportion, or part, of the fence, which each adjoining owner shall make, or maintain. If disputes arise between the occupants of adjoining lands, as to their ownership, or their boundary lines, these are to be settled by some other tribunal than the fence viewers;—they are authorized to divide *fences*, and the statute declares their judgment in that respect conclusive; but they have no authority to settle the rights of different claimants to landed property, or to establish disputed boundaries. Neither party,

therefore, is concluded, by the decision of the fence viewers, from contesting the question of ownership in himself, or his adversary, or the location of their boundaries.

The cases of *Whitney* v. *Bowen*, 11 Vt. 250, and *Haven* v. *Needham et al.*, 20 Vt. 183, seem fully to establish the principle, upon which the present case is decided.

This view of the case renders it unnecessary to examine the questions raised as to the effect of the defendant's course of pleading to the action, or as to the question of interest in the justice, before whom the suit was brought.

Judgment affirmed.