EBENEZER BALL *v.* LAUREN M. SLEEPER.

*Audita ·querela.    When it lies.*

*Audita querela* will lie to vacate a judgment rendered by a justice of the peace in an action of slander.

AUDITA QUERELA.   It was alleged in the declaration, that the defendant brought an action for slander, against the complainant, before a justice of the peace, demanding damages seven dollars, and that a trial was had, upon the plea of not guilty by the complainant, and a verdict rendered against the complainant, and that the justice had thereupon rendered judgment against the complainant for the amount of the verdict; and the complainant prayed, that this judgment might be vacated.   The defendant demurred to the declaration, and the county court, June Term, 1851,—POLAND, J., presiding,—adjudged the declaration sufficient;—to which decision the defendant excepted.

*E. A. Cahoon* for defendant.

The ground of complaint is the want of jurisdiction in the justice of the peace, who tried the cause.   But as *audita querela* is a remedial process bearing solely upon the wrongful acts of the opposite party, and not upon the erroneous acts or judgments of the court,— *Little* v. *Cook,* 1 Aik. 363; *Eddy* v. *Cochran,* Ib. 359,—and is confined to causes which accrued after the former judgment, or to cases where the defendant in the former suit had no notice,—*Finney* v. *Hill,* 13 Vt. 255,—it is inappropriate to this case.   When the party has had a legal opportunity for defence, or when the injury complained of is to be attributed to his own neglect, he cannot be relieved by *audita querela.   Staniford* v. *Barry,* 1 Aik. 321.   The plaintiff has no right, after having, by his neglect, waived his plea to the jurisdiction, to ask relief in this form of action.   *Barrett* v. *Vaughan,* 6 Vt. 243.

No wrongful act is charged by the declaration to have been committed by this defendant, except in reference to the rendition of the judgment, which was strictly and legally a judicial act of the magis-

trate. No facts are alleged, from which fraud can be inferred; and the words " fraudulent and oppressive," in a complaint, mean nothing, unless some act be set forth, which would be fraudulent and oppressive. *Dodge* v. *Hubbell*, 1 Vt. 491. *Barrett* v. *Vaughn*, 6 Vt. 243. Even had the plaintiff no other mode of obtaining redress, it does not follow, that he is entitled to this remedy; for *audita querela* does not lie, where the matter of complaint is proper subject for a writ of error, even though such writ of error be taken away by statute. *Spear* v. *Flint*, 17 Vt. 497. The plaintiff's remedy, if he have any, is by petition to the county court for a new trial, under the Rev. St. chap. 33, sec. 8.

*Bartlett, Bingham* and *Roberts* for plaintiff.

An *audita querela* lies for a man in execution, or in danger of it, upon a judgment, statute merchant, staple, or recognizance, where he has matter in fact, or in writing, to avoid such execution, and no other means to take advantage of it. Com. Dig., Aud. Quer. A. The authorities generally adopt a similar language in describing it. 3 Bl. Com. 405. 6 Dane's Abr. 314. 17 Mass. 158. 1 Vt. 496. 12 N. H. 68. If the plaintiff cannot gain relief by his writ of *audita querela* in this case, he is forced to submit to the judgment of a court, that is expressly prohibited, by statute, from exercising jurisdiction in the matter, over which it has assumed to act. Rev. St. c. 26, § 7. We can perceive no difference in the principle sought to be enforced in the present case and the principle laid down by this court in *Phelps* v. *Birge*, 11 Vt. 161, *Crawford* v. *Cheney*, 12 Vt. 567, and *Pike* v. *Hill*, 15 Vt. 183, where it was decided, that *audita querela* was the proper remedy to set aside the judgment of a justice, rendered after his jurisdiction had become lapsed by discontinuance of the suit.

The opinion of the court was delivered by

REDFIELD, J. This is an *audita querela*, to set aside the judgment of a justice of the peace, rendered in an action of slander. The only good ground, which occurs to us, why it could be fairly urged, that this remedy ought not to be extended to such a case, is, that, the judgment being void upon the face of it, there is no necessity for a resort to any such remedy.

Ball *v.* Sleeper.

But we think, this should not preclude the party from this remedy. Here the party cannot apply to the court to supersede any execution upon the judgment, as might be well done in the higher courts. And as there is no necessity, under the existing law, of describing, in the execution, the particular form of the action, an execution might issue and be put into the hands of an officer, which, being valid upon its face, the officer might enforce, and which the party could not avoid, except by this remedy, which may as well be brought when the party is in danger of as well as actually in execution.

This point, in principle, was decided in the case of *Hastings* v. *Webber*, 2 Vt. 407, which was an action of covenant broken before a justice, and judgment for the plaintiff, and this court held the party might well sue his *audita querela.* That case must be regarded as a full authority for the present.

Judgment affirmed.