ORISON FOSTER *v.* J. W. & D. R. BENNETT.

*Jurisdiction.   Justice of the Peace.   Fences.*

An action to recover the defendant's share of the expenses of building a divis-
ion fence between his own land and that of the plaintiff necessarily involves
the *title* of land, and is not within the jurisdiction of justices of the peace.

This was an action brought before a justice of the peace on the
statute of 1853, relating to the building and repairing of fences,
to recover the defendants' share of the expenses of building a
division fence on the line between the lands of the plaintiff and
the defendants in Tunbridge. The defendants appealed to the
county court, and at the first term filed a motion to dismiss, on
the ground that the suit involved the title to lands, and was,
therefore, not within the jurisdiction of a justice.

The county court, at the January Term, 1860,—KELLOGG, J.,
presiding,—*pro forma* dismissed the action, to which the plaintiff
excepted.

*G. Rolfe*, for the plaintiff.

*Wm. Hebard*, for the defendants.

REDFIELD, Ch. J. This is an action upon the statute of 1853
to recover of the defendants, as adjoining proprietors of land,
the expense of building their proportion of the division fence,
together with the damages sustained by their neglect to build the
same. There is a motion to dismiss the action, on the ground
that the justice had no jurisdiction of it, the title of land being
concerned.

It appears from the declaration and the nature of the case,
that the plaintiff's action must proceed upon the ground that the
parties are adjoining proprietors, by such a tenure, that it is
incumbent upon the defendants to build the proportion of fence
for which the plaintiff claims pay, and that this fence is built
upon, or as near as practicable to, the dividing line between their
lands.

This would seem directly and necessarily to involve an inquiry
into the title of the parties, and the extent and nature of such
title upon the general issue. The title of land is then concerned

in the action, and it, by consequence, is excepted from the jurisdiction of justices of the peace. This question is expressly decided in *Shaw* v. *Gilfillan*, 22 Vt. 565, and upon grounds entirely satisfactory, as it seems to us. The action was correctly dismissed.

Judgment affirmed.