## CHARLES H. FRENCH *v.* MELVIN J. HOLT.

### *Jurisdiction of Justices of the Peace.*

An action brought under s. 7, c. 24, Gen. Sts., to recover the penalty for the removal of a gate from across a pent road, whereby lands and crops are exposed to damage, on a declaration alleging that the plaintiff is interested in the lands, on which issue is joined, so far involves the title to land as to be beyond the jurisdiction of a justice.

THIS was an action brought before a justice of the peace under s. 7, c. 24 of the Gen. Sts., for a penalty for removing a gate from across a pent road.

The declaration alleged that on August 4, 1878, there was and for a long time theretofore had been a pent road leading " through and across lands leased and occupied by the plaintiff, " across which the plaintiff had erected gates for the protection of his crops ; that on July 3, 1878, the defendant wilfully left open one of said gates, and thereby exposed " the lands and crops of the plaintiff to damage " by beasts grazing in an adjoining field, whereby the defendant had forfeited and become liable to pay a sum of money not exceeding $5, and an action had " accrued to the plaintiff, he being the occupant and interested in said lands," to demand and recover the same.

The case was appealed to the County Court ; and at the December Term, 1878, the defendant moved to dismiss, for that the justice had no jurisdiction, as the cause involved the title to land. The court, BARRETT, J., presiding, sustained the motion and dismissed the suit ; to which the plaintiff excepted.

*Norman Paul,* for the plaintiff.

The title to land is not involved. The allegations relative to the land are only descriptive, and are not material to the issue. The title was not to be litigated. The justice, therefore, had jurisdiction. *Whitman* v. *Pownal,* 19 Vt. 223 ; *Small* v. *Haskins,* 26 Vt. 209 ; *Jakeway* v. *Barrett,* 38 Vt. 316 ; *Flannery* v. *Hink-*

*son,* 40 Vt. 485; *Judevine* v. *Holton,* 41 Vt. 351; *Clough* v. *Horton,* 42 Vt. 10; *French* v. *Freeman,* 43 Vt. 93; *Prouty* v. *Mather,* 49 Vt. 415; *Palmer* v. *Palmer,* 6 Conn. 409; *Sherman* v. *Champlain Transportation Co.* 31 Vt. 162.

*Gilbert A. Davis,* for the defendant.

The action involved a question as to title to land. The justice, therefore, had not jurisdiction. Gen. Sts. c. 24, s. 7; *Foster* v. *Bennett,* 33 Vt. 66; *Thayer* v. *Montgomery,* 26 Vt. 491; *Whitney* v. *Bowen,* 11 Vt. 250; *Hastings* v. *Webber,* 2 Vt. 407; *Shaw* v. *Gilfillan,* 22 Vt. 565.

The statute is penal, and should be strictly construed. *Edwards* v. *Osgood,* 33 Vt. 224; *Burnell* v. *Dodge,* 33 Vt. 462; *Riker* v. *Hooper,* 35 Vt. 457.

The opinion of the court was delivered by

REDFIELD, J.   This action is founded upon section 7, c. 24, Gen. Sts.   The plaintiff seeks to recover a penalty of the defendant for tearing down gates and bars on a pent road.   In order to recover the penalty, the plaintiff must prove that " he is interested in the lands " exposed to injury by the removing of the bars and gates.   The true limits of a justice's jurisdiction " where the title to land is concerned," has been carefully defined by the courts of this State.   In *Jakeway* v. *Barrett,* 38 Vt. 316, POLAND, C. J., says: " Whenever the declaration is of such a character that, under the general issue, or any other plea which merely puts the plaintiff to the necessity of proving the declaration, he is bound either to prove or disprove title to land, the justice has no jurisdiction."   In an action on the case for obstructing a water course, *Haven* v. *Needham,* 20 Vt. 183, also for erecting a nuisance too near the plaintiff's dwelling, *Whitney* v. *Bowen,* 11 Vt. 250, jurisdiction was denied to a justice.   Under this declaration, if the general issue be pleaded, the plaintiff must prove that he has such interest in lands exposed to injury as the statute requires; without such proof, his action fails.   And we think this case comes within the principle adjudged in the cases referred to; and that the case was properly dismissed.

69

It is doubtless true that proof of the peaceable possession of premises would be sufficient *prima-facie* evidence of title, as against a stranger ; but; in such case, the plaintiff may be without title or interest in the premises; and I have known such action instituted against the actual owner of the premises exposed to injury.

*Judgment affirmed.*