## CHARLES H. FRENCH v. MELVIN J. HOLT.

*Justice of Peace. Jurisdiction of Trespass on Freehold. Case. Pleading. Waiver. Amendment. SS. 821, 912.*

1. Under the statute—ss. 821, 912—a justice of the peace has not jurisdiction in an action on the case, where the title to land is concerned, although the count be joined with one in trespass on the freehold, and the sum in demand does not exceed twenty dollars. Ross, J., dissenting.
2. When of two counts—trespass and case—a justice has jurisdiction of only the count in trespass, he cannot amend himself into jurisdiction by striking out the count in case.
3. A jurisdictional question can be raised at any time. Nor does a party waive his right to raise it in the County Court by pleading to issue in the justice court after his motion to dismiss had been overruled.
4. Rule stated when one statute repeals another by implication.

TRESPASS AND CASE. Heard on motion to dismiss, May Term, 1880, Windsor County, BARRETT, J., presiding. Motion sustained.

The case is an appeal from a justice court. The substance of the motion was, that the justice had not jurisdiction, because the title to land was concerned. The first count was in trespass, alleging "that the said defendant, &c., * * * * broke and entered the plaintiff's close, and tore down and left open the plaintiff's gate, and with cattle and horses trampled down, &c., the grass, crops, and herbage of the said plaintiff," &c. The second count was in case, alleging, that there was a pent road "running through the farm and lands leased and occupied by the plaintiff, across which road there had been gates erected in accordance with the provisions of the General Statutes of the State of Vermont in such case made and provided, and the plaintiff avers that * * * * the defendant * * * * wilfully left said gate open, so that the beasts of the plaintiff passed through into the tilled fields of the plaintiff, and damaged, eat up, and destroyed his said crops, then and there growing, of great value, to wit, ten dollars, and the plaintiff was put to great expense, to wit, ten dollars, in running after said beasts, and shutting said gate, and was subjected to great loss of time in and by reason of the wilful acts of the defendant."

The case was set for trial on the 14th day of September, 1878, but was continued to the 21st day of the same month, when the defendant's counsel before trial filed a written motion to dismiss the suit for the reason that the justice had not jurisdiction. Against the defendant's objection, the plaintiff was allowed to withdraw the second count, and a trial by jury was had on the first count. The jury returned a verdict for the plaintiff.

*Norman Paul*, for the plaintiff.

No question is made but what a justice has jurisdiction of a suit for trespass on the freehold, when the damages claimed do not exceed the sum of twenty dollars. The statute authorizes the joining of counts in trespass and case for the same cause of action. The statute authorizing such joinder of counts was enacted subsequent to the one

giving justices of the peace jurisdiction to try cases of trespass on the freehold when the amount claimed does not exceed the sum of twenty dollars, and is repugnant and contradictory to it, and repeals the limiting clause.

The defendant by joining issue, going to trial, &c., waived his right to raise dilatory matter in defence. *See* R. L. ss. 821, 912; *Alger* v. *Curry,* 38 Vt. 382; *Peck* v. *Smith,* 3 Vt. 265; *Howes* v. *Hosford,* 8 Vt. 220; *Carruth* v. *Tighe,* 32 Vt. 626; *Hill* v. *Morey,* 26 Vt. 178; *Austin* v. *Smith,* 23 Vt. 704; *Bryant* v. *Pember,* 43 Vt. 599; *Stanton* v. *Haverhill Bridge Co.* 47 Vt. 172; 14 Me. 441. Allowing the case to be continued without reserving the right to plead dilatory matter, was a waiver. *Jakeway* v. *Barrett,* 38 Vt. 316; *Pollard* v. *Wilder,* 17 Vt. 48; *State* v. *Haynes,* 35 Vt. 566. The title to land was drawn into controversy only incidentally, and therefore the justice had jurisdiction. 2 Wat. Tres. pp. 441, 443; *French* v. *Freeman,* 43 Vt. 93; *Whitman* v. *Pownal,* 19 Vt. 223; *Prouty* v. *Mather,* 49 Vt. 415; *Bowyer* v. *Scofield,* 1 N. Y. Ct. App. 177.

*Gilbert A. Davis,* for the defendant.

The justice had no jurisdiction of the second count. *French* v. *Holt,* 51 Vt. 554. The title to land was concerned. *Foster* v. *Bennett,* 33 Vt. 66; *Whitney* v. *Bowen,* 11 Vt. 250; *Thayer* v. *Montgomery,* 26 Vt. 491; *Shaw* v. *Gilfillan,* 22 Vt. 565; 2 Vt. 407; Pierpoint, Ch. J., in *Chadwick* v. *Batchelder,* 46 Vt. 724. The joinder of the two counts did not aid the jurisdiction. This doctrine was fully established in *Prindle* v. *Coggswell,* 9 Vt. 183, and has been followed ever since. *Doubleday* v. *Marstin,* 27 Vt. 488; *Thompson* v. *Colony,* 6 Vt. 91. The question of jurisdiction may be raised at any time. *Richardson* v. *Denison,* 1 Aik. 210; *Cooley* v. *Aiken,* 15 Vt. 322; *Hefflin* v. *Bell,* 30 Vt. 134; *Stoughton* v. *Mott,* 13 Vt. 175; *Glidden* v. *Elkins,* 2 Tyl. 218.

The opinion of the court was delivered by

ROWELL, J.   A majority of the court think this judgment should be affirmed.

The second count is in case both in form and substance. The thing complained of is, that defendant " wilfully left said gate open."   It is not alleged that he opened it, and no such inference can properly be drawn from the allegation that he left it open.   It may as well be inferred that in travelling the way he found and left it open, or lawfully opened it to pass through and omitted to shut it.   In any view, he is charged with a mere non-feasance, and a *mere* non-feasance is not a trespass, and will not make one a trespasser *ab initio* even though it consists in the abuse of an authority given by law: *Stoughton* v. *Mott*, 25 Vt. 668; RED-FIELD, Ch. J., in *Stone* v. *Knapp*, 29 Vt. 501.   Trespass lies only for immediate injuries committed with force, actual or implied; and an injury is considered *immediate* when the act complained of, and not merely its consequences, occasions it.   1 Chit. Pl. 126.   But here the injury complained of was not the immediate but the mediate result of the omission complained of.

The count goes for damage to crops growing on plaintiff's land, and on the general issue pleaded to it, plaintiff would be put to the proof of title to land in order to make a case; and although proof of a possessory title might be sufficient, even that would oust the justice of jurisdiction were this the only count in the declaration; for it is not left to be determined by the pleadings subsequent to the declaration whether the justice has jurisdiction, but whenever the declaration is of such a character that, under the general issue or any other plea that puts the plaintiff to the necessity of proving the declaration, he is bound either to prove or disprove a title to land, the justice has no jurisdiction. POLAND, Ch. J., in *Jakeway* v. *Barrett*, 38 Vt. 316; *French* v. *Holt*, 51 Vt. 544.   This last case was between these same parties for the statutory penalty for leaving this gate open,

thereby exposing plaintiff's lands and crops to damage, and it was held that the justice had no jurisdiction, as the title to land was concerned. The case before us is not distinguishable from that in this respect.

But it is said that although this count may be in case and the title to land concerned, yet it may be joined with the first count, as both are for the same cause of action, and s. 912, R. L., provides for the joinder of trespass and casé when for the same cause of action. Conceding that both counts are for the same cause of action, which is not decided, then they cannot be joined, for s. 821 expressly excepts from the jurisdiction of justices all actions in which the title to land is concerned except trespass on the freehold in which the sum demanded does not exceed twenty dollars; and to warrant a joinder under s. 912, the court must otherwise have jurisdiction of both forms of action in the concrete case. To hold differently would be to partly repeal by implication said exception in s. 821, a kind of repeal that is not favored in law, and is never held unless the subsequent statute is so inconsistent with the former that both cannot stand together. But here both may stand together, and the view here taken leaves both operative. Hence, the justice had no jurisdiction, and he could not amend himself into jurisdiction by striking out the count in case. *Chadwick* v. *Batchelder*, 46 Vt. 724. Nor by pleading to issue in the justice court after his motion to dismiss was overruled did the defendant waive his right to object in the County Court for want of jurisdiction. That the court has no jurisdiction of the action may be objected at any time; it is not dilatory matter, which is waived if not objected at the first opportunity: cases *passim*.

Judgment affirmed.

Dissenting opinion by

Ross, J. I am unable to concur in the decision by the majority of the court. I think an inspection of the two

counts renders it manifest, that the subject matter in controversy is the same in both counts,—the wrongful allowing the plaintiff's cattle to enter his tilled fields and do damage there, either by wilfully opening and leaving open the gate across the pent road, when the defendant had no lawful occasion to pass through the gate, as alleged in substance in the first count; or having lawful occasion to pass through the gate, and so lawfully opening and then wilfully and wrongfully leaving said gate open. In either case, the plaintiff's tilled fields were exposed to, and damaged by, his cattle from the adjoining pasture. That more special damages are set forth in the second count than in the first does not make the cause of action counted upon different. The pleader being in doubt in regard to his proof, whether it would show a wrongful opening of the gate, or only a wilful and unlawful leaving of the gate open, used the two counts, that his declaration might be adapted to and be supported by his proof. The justice jurisdiction act—s. 821 R. L.—in force, when in 1856 the act—s. 912 R. L.—allowing counts in case to be joined with counts in trespass, when for the same cause of action, was passed, gives a justice jurisdiction of actions of trespass upon the freehold when the damages demanded do not exceed twenty dollars. To the extent that the title to land might be involved in actions of trespass on the freehold where the sum demanded does not exceed twenty dollars, the act confers jurisdiction upon a justice of the peace to try actions involving the title to land. The act of 1856 is not restricted by its language to actions in the County Court, but is broad enough to authorize the joining of such counts in whatever jurisdiction the cause might be pending. It is of a highly remedial nature, intended to avoid the difficulty, often experienced by expert pleaders, in adapting the count or form of action to the proof, and so to avoid a failure of justice through a technicality in pleading. I think the act of 1856 was intended, and should apply as broadly to causes over which s. 821

confers jurisdiction upon a justice of the peace, as to actions in the County Court. In my judgment this construction of the act of 1856 does not enlarge the jurisdiction of the justice of the peace, but simply gives him the right to try in a count on the case if his proof should fail to show a direct injury or trespass, what he could before try in a count in trespass if the proof showed the injury to be direct, instead of consequential; that is, to try a case that might involve the title to land in a count in case, wherever he could try it in a count in trespass. In my judgment the decision unwarrantably limits the beneficial scope of the act of 1856. I should reverse the judgment of the County Court, and hold that the counts were properly joined.