JOSEPH HEATH *and* C. W. HEATH *vs.* LATON M. ROBINSON.

October Term, 1902.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed January 31, 1903.

*Justice of the Peace—Jurisdiction—Title to land—New counts —Appellate Jurisdiction.*

The jurisdiction of a justice of the peace, so far as it is determined by the question whether the title to land is concerned, depends upon the declaration and not upon the plea or the course of the trial.

When, in an action of trespass appealed from the judgment of a justice of the peace, the plaintiff files an amended declaration raising the *ad damnum* from $20.00 to $100.00, the County Court is ousted of its appellate jurisdiction, if the title to land is concerned.

In an action of trespass for cutting down the plaintiff's growing trees, the title to land is necessarily involved.

TRESPASS QUARE CLAUSUM, trespass *de bonis,* and trover, with *ad damnum* in each count $20.00, appealed from the judgment of a justice of the peace. At the March term, 1902, Orleans County, *Munson,* J., presiding, the defendant's demurrer for misjoinder of counts was sustained. Thereupon, by leave of Court, the plaintiff filed a new declaration in trespass and trover with *ad damnum* in each count $100.00, which the defendant moved to dismiss. Motion overruled and the defendant excepted.

*F. W. Baldwin* for the defendant.

Of the original declaration the only count that could have been sustained was the one of trespass *quare clausum,* and then only to recover $20.00. V. S. 1040. The other two counts

would have brought in question the title to land, hence the justice could not have had jurisdiction.

When the case came into County·Court on appeal, that Court had no jurisdiction beyond that of the justice; and to allow the plaintiff to amend himself into jurisdiction, was clearly error. *Prindle* v. *Cogswell,* 9 Vt. 183; *Whitney* v. *Sears,* 16 Vt. 587; *Sanders* v. *Pierce,* 68 Vt. 468; *French* v. *Holt,* 57 Vt. 187.

*Aldrich & Reirdon* for the plaintiffs.

No new cause of action was brought into the case by the amended declaration.    The count in trespass was waived and the plaintiffs elected to retain the other counts.    The count in trespass and the *ad damnum* of over $20.00 were never, both at once, in the case.    Under the original declaration the case was within the jurisdiction of the justice and appealable; the amended declaration has not changed it in this respect.    There is, therefore, no question of jurisdiction properly in the case.

This amendment would have been proper in the justice court.    V. S. 1148.    All amendments are in the discretion of the Court.    *Chaffee* v. *Railroad Co.,* 71 Vt. 384.

The allowance of the amendment being a matter of discretion will not be reviewed here.    *Carpenter* v. *Gookin,* 2 Vt. 495.

STAFFORD, J.    In Vermont, justices of the peace may hear and determine actions of trespass upon the freehold, although the title to land is involved, if the *ad damnum* does not exceed twenty dollars; but they have no jurisdiction of other forms of action, if the title to land is concerned, no matter how small the sum demanded may be.    In trespass *de bonis,* trover, and most other actions, they have jurisdiction to the amount of two hundred dollars.    V. S. 1040.    Whether

the title to land is concerned depends upon the declaration,—
that is, whether to prove its allegations will require the plaintiff
to prove title to land,—and does not depend upon the plea, nor
the course of trial.   So, in trespass *de bonis* for taking and
carrying away grass not alleged to be growing when taken, the
justice had jurisdiction, although the plea and the evidence
brought in issue the title to the land upon which the grass had
been cut.   *Jakeway* v. *Barrett*, 38 Vt. 316.   But actions for
breach of covenant in a conveyance of land, (*Hastings* v. *Web-
ber*, 2 Vt. 407), case for erecting a fence so near the plaintiff's
house as to obstruct his windows, (*Whitney* v. *Bowen*, 11 Vt.
250), case for obstructing a stream and causing it to overflow
the plaintiff's land, (*Haven* v. *Needham*, 20 Vt. 183), case for
leaving open a pent-road gate, thereby letting in cattle that
destroyed the plaintiff's crops, (*French* v. *Holt*, 57 Vt. 187),
and such like, do put the plaintiff to proof of title to make
good his declaration, and are therefore outside a justice's ju-
risdiction.

When the present action was commenced before the
justice, the declaration contained three counts,—one, trover;
one, trespass *de bonis;* and one, trespass on the freehold.   The
first and second were for converting and carrying away wood
and timber, and the third was for breaking and entering the
plaintiffs' close and there felling and destroying trees.   The
*ad damnum* was twenty dollars.   The plaintiffs had judg-
ment, and the defendant appealed to the County Court, where
he demurred for misjoinder of counts, and his demurrer was
sustained.   Thereupon the plaintiffs, having obtained leave,
filed an amended declaration, which is treated by both parties
as standing in lieu of the first, and being the only declaration
now in the case; and this declaration the defendant moved to
dismiss, as showing that the Court had no jurisdiction.   His

motion was overruled, and it is the exception to that ruling which is now before us.

The new declaration contains two counts: The first declares in trespass for cutting down and destroying trees of the plaintiffs growing upon land which is not otherwise alleged to be the land or close of the plaintiffs, "to the damage of the plaintiffs one hundred dollars." The second declares in trover for the conversion of wood and timber, "the product of the same trees in the preceding count mentioned," "to the damage of the plaintiffs one hundred dollars, for the recovery of which with just costs this suit is brought." By the amendment, therefore, the *ad damnum,* which is, indeed a part of the declaration, (*Chadwick* v. *Batchelder,* 46 Vt. at p. 727), was raised from twenty to one hundred dollars,—an amendment which, had it been made before the justice, would have ousted that court of its jurisdiction, if the title to land is concerned, and must consequently oust the County Court of its appellate jurisdiction upon the same condition.

So the question is, whether to prove their new declaration the plaintiffs must show title to land. It seems pretty clear that they must. They declare for cutting down their growing trees. How can they prove that the trees belonged to them without thereby proving that they had title to land, since such are in law a part of the land upon which they are growing? We think the first count must be regarded as an inartificial count in trespass on the freehold, for the allegation shows that the trespass was a trespass upon the plaintiffs' land, and the injury an injury to their real estate. It is as if the defendant had been charged with digging up and carrying off a load of soil from the plaintiffs' garden, or with lifting their house from its foundations and moving it away. Hence we

conclude that in refusing to dismiss the amended declaration the County Court erred.

*Judgment reversed and cause remanded.*

