[Civ. No. 41.   Second Appellate District.—November 23, 1905.]

## RICHARD F. COX, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

APPEAL—DISMISSAL—JUDGMENT ON APPEAL FROM JUSTICE'S COURT—
KILLING OF ANIMALS ON RAILROAD TRACK—NEGLIGENCE—TITLE TO
LAND IMMATERIAL.—A judgment rendered on appeal from a jus-
tice's court for the sum of $250 for the killing of a horse and mare
of plaintiff on defendant's railroad track, in an action the gist of
which was that their death resulted from the negligence and reck-
lessness of defendant's employees while the animals were on the
track, and in which an allegation and finding of title to the adjacent
land are immaterial, is not within the appellate jurisdiction of this
court, and an appeal therefrom must be dismissed.

APPEAL from a judgment of the Superior Court of Tulare
County.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Maurice E. Power, for Appellant.

T. E. Clark, for Respondent.

SMITH, J.—The defendant appeals from a judgment
against it for the sum of $250, rendered on appeal from a
justice's court.   The judgment is for damages for the killing
of a horse and mare of the respondent by the appellant's
train; and, the amount involved being less than $300, the
respondent urges that the case is not within the jurisdiction
of this court.   There is no reply from the appellant on this
point; but it seems that the point was urged by the defendant
in the lower court on the ground that the case involved a
question of title as to real property.   There is, however,
nothing in this contention.   The first count of the complaint,
indeed, alleges that the plaintiff's horse entered upon the
track through a gap in defendant's fence, which was negli-
gently and carelessly left open; and in the amended answer
it is alleged, in effect, that the land adjacent to the fence,
where the gap was, was at all the times mentioned in the com-
plaint the property of Kittie Colburn, and that plaintiff did
not have any right or title thereto; and the court finds that
this and all the other allegations and denials of defendant's

answer are untrue, which is, in effect, to find on a question as to the title of the land. And it is also true that it appears from the evidence, without contradiction, that the land was the land of Kittie Colburn, and that it was expressly admitted by the plaintiff on the trial that he neither had nor claimed any interest therein. But, looking at the complaint, it will be seen that it is alleged that the death of the horse resulted from the negligence and recklessness of the defendant's employees after the horse was on the track; and this must be taken as the gist of the action. The allegation and finding as to the title of Kittie Colburn and the plaintiff, respectively, to the land adjacent to the railroad, are therefore immaterial.

The appeal must therefore be dismissed, and it is so ordered.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 22, 1905.