[Civ. No. 1904. Second Appellate District.—October 19, 1916.]

## MARVIN G. TRACY, Respondent, v. K. SUMIDA, Appellant.

JUSTICE'S COURT APPEAL—AMENDMENT OF COMPLAINT—LACK OF JURISDICTION.—The superior court is without jurisdiction upon an appeal taken to it from a judgment rendered in an action in a justice's court upon a contract to recover a sum of money less than three hundred dollars, to permit the complaint to be amended so as to state a cause of action for a sum in excess of three hundred dollars.

ID.—EXTENT OF JURISDICTION OF SUPERIOR COURT.—Where jurisdiction is derived through an appeal from a judgment rendered in the justice's court, the superior court cannot, by permitting an amendment of the complaint, acquire jurisdiction in excess of that of the justice's court from which the appeal was taken.

ID.—APPEAL FROM JUDGMENT OF SUPERIOR COURT—LACK OF JURISDICTION OF DISTRICT COURT OF APPEAL—DISMISSAL.—A judgment rendered on a justice's court appeal is not within the appellate jurisdiction of the district court of appeal, and an appeal taken therefrom must be dismissed.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge.

The facts are stated in the opinion of the court.

Earl A. Bagby, and Farnsworth & McClure, for Appellant.

Bradley & Bradley, for Respondent.

SHAW, J.—This action was commenced in the justice's court to recover a balance of $171.80, alleged to be due plaintiff from defendant for wood furnished by plaintiff to defendant under a contract so to do.   Defendant answered, denying all the allegations of the complaint, and also filed a cross-complaint wherein he asked judgment against plaintiff.   The case was tried by the justice, who gave defendant a judgment for $6.85 and costs, from which the plaintiff appealed to the superior court.   After perfecting the appeal plaintiff, by leave of court, filed an amended complaint in said action wherein the cause of action based upon the contract was stated in the sum of $990.40, for which he asked judgment.   Defendant demurred to this amended complaint upon the ground, among others, that the court had no jurisdiction of the action set out in said amended complaint.   The demurrer was overruled; whereupon defendant filed his answer, consisting of a general denial, and a cross-complaint upon which he asked for judgment against plaintiff in the sum of $842.45.   Trial was had by a jury which rendered a verdict in favor of plaintiff for $150, and from the judgment entered thereon defendant prosecutes this appeal.

Clearly, the action as brought, since it was upon a contract to recover a sum of money less than three hundred dollars (Code Civ. Proc., sec. 112), was one over which the superior court had no jurisdiction, except upon appeal.   The effect of the amendment made in the superior court was to convert the action into one over which the justice's court had no jurisdiction; hence the case was one over which the superior court could not, by virtue of its appellate powers, derive jurisdiction by the procedure of an appeal.   In *Heath* v. *Robinson,* 75 Vt. 133, [53 Atl. 995], it is said: "An amendment which, had it been made before the justice, would have ousted that court of its jurisdiction, . . . must consequently oust the county court of its appellate jurisdiction upon the same condition."   To the effect that where jurisdiction of an action is derived from a justice's court on appeal from a judgment rendered therein the superior court may not, by permitting an amendment of the complaint, acquire jurisdiction in excess

of that of the justice's court from which the appeal is-taken, see *Pecos etc. Ry. Co.* v. *Canyon Coal Co.*, 102 Tex. 478, [119 S. W. 294] ; *Missouri etc. Ry. Co.* v. *Hughes,* 44 Tex. Civ. App. 436, [98 S. W. 415] ; *Rose* v. *Christinet,* 77 Ark. 582, [92 S. W. 866] ; *Flanagan* v. *Reitemier,* 26 Ind. App. 243, [59 N. E. 389]. In our opinion, since the jurisdiction of a justice of the peace in an action to recover money upon contract is limited to an amount not in excess of three hundred dollars, the jurisdiction of the superior court on appeal from a judgment rendered therein is likewise limited to such an amount. In other words, the superior court by virtue of the appeal acquires only such jurisdiction as the justice of the peace had.

Conceding, however, as claimed by appellant, that the superior court erred in its rulings and erroneously assumed jurisdiction to try and render judgment upon the cause of action over which it had no jurisdiction, nevertheless such rulings cannot be reviewed by this court on appeal from the judgment rendered. Cases of this character originating in justice's courts cannot be brought by appeal to this court. (*Williams* v. *Mecartney,* 69 Cal. 556, [11 Pac. 186] ; *Pool* v. *Superior Court,* 2 Cal. App. 533, [84 Pac. 53] ; *Cox* v. *Southern Pacific Co.,* 2 Cal. App. 248, [83 Pac. 290].) We agree with respondent's contention that the appeal should be dismissed, and it is so ordered.

Conrey, P. J., and James, J., concurred.