[185]  *GEORGE H. GRAY AND JAY JOHNSON, RESPONDENTS, *v.* SAMUEL SCHUPP, APPELLANT.

[1]APPEAL, JURISDICTION.—An appeal does not lie from the judgment of a Justice to the District Court.

CERTIORARI, WHEN IT WILL NOT LIE.—District Courts cannot entertain jurisdiction of such cases by *certiorari,* where the error complained of might be corrected by an appeal to the County Court.

APPEAL from the Tenth Judicial District.

The original proceedings before the Justice of the Peace were for the recovery of land under the statute passed April 20th, 1852, prescribing the mode of maintaining and defending possessory actions on public lands in this State. The cause was brought by *certiorari*, to the District Court, on the ground that the Justices' Court had no jurisdiction, and that the County Court could acquire no appellate jurisdiction where the original Court had none.

The cause was tried by the Court without a jury. The defendants moved to nonsuit the plaintiff, on the ground of want of jurisdiction, which motion was refused and judgment entered for the plaintiff, from which defendants appealed.

*Churchman & McKinley*, for Appellants

*Aldrich & McConnell*, for Respondents.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This appeal is prosecuted from a judgment of the District Court, reviewing, upon *certiorari*, the judgment of a Justice of the Peace.

The writ was issued upon representation that the Justice had exceeded his jurisdiction.

We have repeatedly held, that an appeal does not lie from the judgment of a Justice to the District Court. Our statute only authorizes a writ of review, or *certiorari*, in cases where there is not a plain, speedy and adequate remedy by appeal.

This is not such a case as is contemplated by the statute. The District Court erred in entertaining jurisdiction of the * case, and the error complained of might    [186] have been corrected by an appeal to the County Court.

The judgment of the District Court is reversed, and the *certiorari* issued by said Court dismissed with costs.