JAMES B. TOWNSEND, Respondent, v. B. S. BROOKS, Appellant.

The District Courts have no appellate jurisdiction.

The action of forcible entry and detainer is a summary proceeding, provided by statute, and does not belong to the District Courts, by virtue of their original common law jurisdiction over the subject matter in controversy.

Although the County Court is authorized to try such cases on appeal, *de novo,* still such a trial is an exercise of appellate and not of original jurisdiction.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The facts appear in the opinion of the Court.

Appellant *pro. pers.,* argued—That the order of the County Court, transferring the cause to the District Court, was unlawful, as the District Court has no power to try appeal cases. It should have been transferred, if at all, to another County Court.

Respondent *pro se.*

1. The County Court being authorized by statute to try cases like the present, *de novo,* such a trial or examination is an exercise of original, and not of appellate jurisdiction. Marbury *v.* Madison, 1 Cranch, 175. Mitchell *v.* Lennox, 14 Wend. 666.

2. The action of the District Court also, in trying the cause anew, on a transfer from the County Court for disability of the Judge, was, likewise, the exercise of "original jurisdiction."

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was an action of forcible entry and unlawful detainer, originally commenced before a Justice of the Peace.

An appeal was taken from the judgment of the Justice, to the County Court, and afterwards transferred from the County to the District Court, in consequence of the disqualification of the County Judge.

In Caulfield *v.* Hudson, we decided that the District Court had no appellate jurisdiction. The act concerning "Forcible Entries and Unlawful Detainers," confers original jurisdiction in these cases upon Mag-

istrates' Courts, and the remedy being a summary one provided by statute, does not belong to the District Courts, by virtue of their original common law jurisdiction, so that the District Court had neither original or appellate jurisdiction over the subject matter in controversy.

If the District Court could not entertain an appeal direct from the decision of the Justice, it would be absurd to contend that the cause, having been appealed to any other Court, might be transferred to the District Court.

The argument, that because the County Court is authorized to try these cases *de novo*, on appeal, such a trial or examination is an exercise of original and not appellate jurisdiction, involves a contradiction of terms, and is not warranted by reason or authority.

The appeal is dismissed, and the judgment of the District Court reversed, with costs.