## THE PEOPLE ex rel. HITCHCOCK v. FREELON.

On appeal from a Justice's Court to the County Court, on questions of law alone, if a new trial be ordered, it should take place in the County Court.

APPLICATION FOR A MANDAMUS, to the County Judge of San Francisco County.

*A. H. Hitchcock*, Relator, in person.

*E. D. Sawyer*, Contra.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The relator obtained judgment before a justice of the peace against B. C. Brooks, from which Brooks appealed to the County Court, on questions of law alone. The County Court reversed the judgment of the justice, and ordered a new trial to be had before the justice. The relator insists, that the new trial should take place in the County Court, and applies to this Court for a peremptory *mandamus* to compel that Court to proceed to try the case *de novo*.

By the provisions of the three hundred and sixty-sixth section of the Practice Act, there are two distinct classes of appeal from the judgments rendered by justices of the peace, recorders, and mayors:

1. When the appeal is taken on questions of law above.

2. When taken on questions of fact, or on questions of both law and fact. When the appeal is taken on questions of law

alone, the justice sends up a statement, with a copy of his docket, and all motions filed by the parties during the trial, the notice of appeal, and the undertaking on appeal. But when the appeal is on questions of fact, or of both law and fact, he sends up no statement. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds, and no more. §§ 625, 626, 627.

By the three hundred and sixty-seventh section, it is provided that, " upon appeal heard upon a statement of the case, the County Court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon said judgment, and may, if necessary or proper, order a new trial. When the action is tried anew on appeal, the trial shall be conducted, in all respects, as trials in the District Courts."

The object which was intended to be accomplished by the act in distinguishing between the two classes of appeals, was to save costs in the Appellate Court, in certain cases. As the same laws governing the general transactions of business-life must be applied in Justices' Courts, as well as in others, many cases must arise where the dispute is not about facts, but simply about questions of law alone. If the act required a trial anew in these cases, it would add greatly to the costs in the County Court. But as it may happen in some cases, where the appeal is taken on questions of law alone, that a new trial may be necessary or proper, the Court is allowed to order one. As the appellant is required in the statement to give the grounds he intends to rely on, both parties come before the Court without witnesses, and only prepared to discuss the questions of law. If, however, it turn out that a new trial is necessary, the Court orders one to take place, and should set the cause down for trial at some convenient time, so as to allow the parties to produce their testimony. The order should direct the new trial in the County Court. To send the case back before the justice, would defeat, to some extent, the object of the act, in allowing the appeal on questions of law alone, as the costs would thereby be increased.

If it had been the intention of the act, that the case should be sent back for a new trial to the Justice's Court, there would have been found in the statute, some directions how this should be done, as there is in reference to appeals in the Supreme Court. § 358. And it would also be necessary that the decision of the County Court should be given in writing, otherwise the justice would not understand how to proceed upon the new trial. But by section six hundred and fifty-seventh, the decision on appeal from a Justice's Court need not be in writing.

It is insisted by the learned counsel for defendant, that the County Court holds the same relation to Justice's Courts in such

cases, that the Supreme Court does to the District Courts.    But this would seem to be incorrect.    This Court has no power to try any case anew, while the County Court has.    And as the County Court has all the judicial machinery for such trials, there could be no good reason for sending the case back to the justice. The County Court is as competent to try all, as a portion of these cases, anew.

Let the writ issue.