No. 2,435.

F. A. WILL, et al., RESPONDENTS, v. WILLIAM SINKWITZ, APPELLANT.

COUNTY COURT—JURISDICTION OF.—A judgment rendered by the County Court, upon appeal, for the sum of three hundred dollars, is void.

IDEM.—CERTIORARI.—Where the only question before the District Court upon a writ of certiorari is the validity of a judgment of the County Court in point of jurisdiction in form and amount, and the judgment is void for want of jurisdiction, that Court has no authority to modify or reduce it in amount or otherwise.

IDEM.—Where the judgment of the County Court is void for want of jurisdiction, it is the duty of the District Court, on a writ of certiorari, to set it aside.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This was an action for damages to personal property, commenced in the Justices' Court of the City and County of San Francisco, wherein judgment was rendered in favor of plaintiff. The defendant appealed to the County Court, which Court rendered judgment in favor of plaintiff in the sum of $300.

The judgment of the County Court was reviewed on a writ of *certiorari*, by the District Court, and modified, by striking out from the amount of damages assessed in said judgment the sum of one dollar.

From the judgment and order of the District Court, modifying the judgment of the County Court, this appeal is taken.

*N. B. Mulville*, for Appellant.

The County Court exceeded its jurisdiction by rendering judgment for $300. The judgment was a nullity, being in excess of the jurisdiction of the Court. (Const. of Cal. Art. VI, Secs. 8 and 9; Hittell's Dig. pp. 214, 217; 13 Wend. 404.)

The question of jurisdiction depends on the amount of the judgment, and not on the prayer of the complaint. (*Wratten* v. *Wilson*, 22 Cal. 465.)

The judgment of the District Court modifying the judgment of the County Court, by striking one dollar therefrom, was erroneous. The affidavit and application of defendant for a writ of *certiorari* only prays to vacate and set aside the judgment, and for such other and further relief as the Court may deem just.

The County Court having erred in its proceedings, the District Court, outside of the evidence, could not say whether the error amounted to $1 or $300. The basis of modification was merely hypothesis.

The evidence not being of record, the District Court had no facts or basis to sustain a modification.

The judgment of the County Court being in excess of authority, was void *ab initio*, it appearing on the face of the record that the Court had not jurisdiction of the subject-matter of the action.

The District Court could not give jurisdiction or legalize a void judgment. The jurisdiction of the District Court in the premises extended no further than either to adjudge the judgment of the County Court void, or else dismiss the writ of *certiorari*. (*Winter* v. *Fitzpatrick*, 35 Cal. 269; *Whitney* v. *Board of Delegates*, 14 *Id.* 479.)

In inferior tribunals, if the damages proved, or the amount found due, exceed the jurisdictional limit, the Court has not jurisdiction except the plaintiff remits the excess. (Practice Act. Sec. 595; *Gray* v. *Hawes*, 8 Cal. 562.)

*S. F. & L. Reynolds*, for Respondents:

The County Court has jurisdiction of the subject-matter in controversy, and the amount of damages claimed was within its jurisdiction.

The judgment of the County Court was not a void judgment. The fact of its having rendered judgment for one cent more than was claimed did not render the whole judgment void. The evidence before the County Court could not be reviewed by the District Court on the return of the writ, except so far as to determine the jurisdiction question. No objections having been made by the appellant to the jurisdiction of the County Court as to the subject-matter of the controversy, but only as to the right of that Court to render the judgment for one cent more than was claimed, the evidence could not be reviewed by the District Court.

At common law the writ of *certiorari* determined nothing but the jurisdiction, as the review never extended to the merits. Upon these the action of the inferior tribunal is final and conclusive. "Our statute is affirmatory of the common law." (*People ex rel Whitney* v. *S. F. F. D.* 14 Cal. 479.)

If the County Court had exceeded its jurisdiction in rendering a judgment for one cent more than was claimed, then so far as that was concerned, the District Court had the power to modify the judgment. No point having been made by the appellant, and none appearing by the record to show that any objection had been made to the jurisdiction of the County Court as to the subject-matter of the controversy, all the District Court could do was to direct the County Court to so modify its judgment as to bring it within the amount claimed by respondent, but beyond that the District Court could not go.

WALLACE, J., delivered the opinion of the Court·

The judgment rendered by the County Court was void, because beyond the jurisdiction of that Court to render upon appeal.

A writ of *certiorari* having been issued by the District Court, by which this judgment was brought up for review, that Court entered an order modifying the judgment of the County Court, and ordering that it be reduced to a named sum, which would be within the jurisdiction of the County Court.

The District Court should have set aside the judgment of the County Court as void for want of jurisdiction. Its validity in point of jurisdiction, in form and amount, as it was entered by the County Court, was the only question before the District Court upon the return of the writ of *certiorari*, and that Court had no authority to modify or reduce it in amount or otherwise.

The order is reversed and cause remanded, with directions to enter an order vacating the judgment of the County Court in accordance with the prayer of the petition.