[Civ. No. 2578.   First Appellate District, Division One.—December 12, 1918.]

## OSCAR HUDSON, Petitioner, v. POLICE COURT OF THE CITY OF OAKLAND, etc., et al., Respondents.

CRIMINAL LAW—BAIL MONEY—PAYMENT OF FINE.—Where in a criminal action money belonging to a third party is deposited as bail for the appearance of the defendant, such money cannot be used to pay a fine imposed upon conviction, and where an offer to surrender the defendant into custody and a demand for the return of the money is made, it is the duty of the court to direct its return to the depositor.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul a part of a judgment of a police court. Mortimer Smith, Judge.   Judgment annulled.

The facts are stated in the opinion of the court.

Oscar Hudson, *in pro. per.,* for Petitioner.

Ezra Decoto, District Attorney, and Walter J. Burpee, Assistant District Attorney, for Respondents.

THE COURT.—The petitioner, Oscar Hudson, asks this court to annul a portion of the judgment of the police court in the city of Oakland whereby a fine imposed upon one Lucy Alexander, after a judgment of conviction of a misdemeanor, was taken out of bail money deposited by petitioner for the appearance of the said Lucy Alexander for trial in said police court.

The undisputed facts seem to be that Lucy Alexander was charged with a misdemeanor, and upon her appearance, Hudson, her attorney, deposited two hundred dollars of his own funds with the court as bail for her appearance. Upon the day set for trial, petitioner appeared with the said Lucy Alexander and offered to surrender her, and demanded of the court the return of his money. The court refused to accept her surrender, and refused to return the bail money to Hudson. The defendant thereupon pleaded guilty and the court in judgment imposed a fine of one hundred dollars upon her with the alternative of paying the fine or serving in the city prison of the city of Oakland until the fine was satisfied in the proportion of one day's imprisonment for every two dollars of the fine, and further, in the judgment provided that the fine be collected out of the two hundred dollars cash bail. The petitioner herein, then and there offered to surrender the defendant into custody, as the record shows, and again demanded his money.

The court "denied his motion" and ordered that so much of the bail as was necessary be applied by the bailiff to the payment of the fine and "that the balance of the bail be exonerated."

We are asked to annul the part of the judgment which ordered the bail money subjected to the payment of the fine. Articles V and VI of chapter 1 of title 10 [sections 1295–1302] of the Penal Code provide for bail and for the exoneration of bail, but do not seem to exactly cover cases in which bail money is deposited by any person other than the defendant. But construing all the sections of these articles together, we think that the petitioner, Hudson, did all that was required of him in order to entitle him to a return of his money, and that that part of the judgment of the judge of the police court which we are asked to annul was beyond its jurisdiction, and it is therefore ordered that it be annulled as prayed in the petition.