[S. F. No. 9722. In Bank.—February 17, 1921.]

LAURA CULVER, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[1] CERTIORARI—JUSTICE'S COURT APPEAL—INSUFFICIENCY OF COMPLAINT IMMATERIAL. — In a proceeding in *certiorari* in the supreme court to annul an order of the superior court affirming a judgment of a justice's court on appeal, it is immaterial whether or not the complaint in the justice's court stated facts sufficient to show the commission of a public offense, since the superior court in affirming the judgment did not exceed its jurisdiction even if it committed error.

PROCEEDING in Certiorari to annul an order of the Superior Court of Alameda County affirming a judgment on a justice's court appeal. James G. Quinn, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Chas. C. Boynton for Petitioner.

Ezra W. Decoto, District Attorney, and Frances Wilson Kidd, Deputy District Attorney, for Respondents.

THE COURT.—This is a proceeding in *certiorari*, and it is sought therein to annul the order of the superior court affirming on appeal thereto a judgment of a justice's court.

In so far as the superior court is concerned, the material questions herein involved are the same in all respects as those involved in *Roberts* v. *Police Court and Superior Court, ante,* p. 65, [195 Pac. 1053]. (See in addition to cases cited in opinion therein, *Valentine* v. *Police Court,* 141 Cal. 615, [75 Pac. 336]; *American Law Book Co.* v. *Superior Court,* 164 Cal. 327, [128 Pac. 921].) **[1]** It is immaterial *in this proceeding* whether or not the complaint in the justice's court stated facts sufficient to show the commission of a public offense. If it did not state such facts, the superior court *erred* in affirming the judgment, but that was mere error in the exercise of its lawful jurisdiction. If for any reason the judgment of the justice's court is *void* for want of jurisdiction, the superior court nevertheless had *jurisdiction* to affirm it. Whether or not such judgment can be attacked in some other proceeding, such as *habeas corpus,* for instance, is altogether immaterial here. The *superior court* did not exceed its jurisdiction in affirming such judgment. It follows that the order assailed must be affirmed.

The order of the superior court is affirmed.

Angellotti, C. J., Shaw, J., Wilbur, J., Sloane, J., Lennon, J., Lawlor, J., and Olney, J., concurred.

Rehearing denied.

All the Justices concurred, except Olney, J., who voted for rehearing.