[Civ. No. 10066. Second Appellate District, Division Two.—December 28, 1934.]

JAMES B. KEMPTON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, APPELLATE DIVISION, et al., Respondents.

James E. Pawson for Petitioners.

Roderick M. Sherwood and Everett W. Mattoon for Respondents.

CRAIL, J.—Petitioners seek a writ of *certiorari* contending that the Municipal Court of Long Beach exceeded its

jurisdiction in granting judgment on a complaint wherein a promissory note was set up *in haec verba*, and which note contained the following recital: "This note is secured by a deed of trust." There was no allegation in the complaint that the note was so secured. Judgment went by default and there were no findings of fact. The evidence upon which the judgment was obtained is not before us. An appeal was taken by petitioners herein from the judgment of the Municipal Court to the Superior Court of Los Angeles County and was affirmed.

The municipal court had jurisdiction of the parties and the cause of action as it was set forth in the complaint.

That the note was secured by a trust deed would be an affirmative defense which must be pleaded. (*Hibernia S. & L. Soc.* v. *Thornton*, 117 Cal. 481 [49 Pac. 573].) In such an action if the pleadings raise no issue regarding security, a finding that the debt was secured would be outside the issues and would not sustain a judgment for the defendant. If the defendant had set up the alleged trust deed in bar of the action, it is possible that the plaintiff might have shown that a right to recover on the note existed nevertheless (18 Cal. Jur. 248; *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168 [135 Pac. 502]), and even then the municipal court would have had jurisdiction to determine the fact as to whether the note was secured.

So far as the municipal court is concerned, the writ must be denied for the reason that the right of appeal precludes the right to a writ of *certiorari*. (Sec. 1068, Code Civ. Proc.; *Denninger* v. *Recorder's Court*, 145 Cal. 629 [79 Pac. 360].)

While the Superior Court of Los Angeles County is made a respondent, there is no allegation in the petition that that court exceeded its jurisdiction. On the contrary, it was the petitioners herein who invoked the jurisdiction of that court, and the action it took was upon the insistence of petitioners for action. This proceeding is an attempt to obtain a second review, not of the judgment of the superior court, but of the judgment of the municipal court upon matters which have been reviewed by a court of competent appellate jurisdiction. (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317].) Before the writ of *certiorari* be granted

against the superior court, there must have been an excess of jurisdiction by that court (4 Cal. Jur. 1022).

The private parties who are made respondents herein are not proper parties in a petition for writ of *certiorari* for the reason that the function of the writ is limited to a review of a tribunal, board or officer, exercising judicial functions. (Code Civ. Proc., sec. 1068.)

Petition dismissed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.