[Civ. No. 2233.   Fourth Appellate District.—November 18, 1938.]

D. MOYER, Petitioner, v. THE SUPERIOR COURT OF FRESNO COUNTY et al., Respondents.

David E. Peckinpah and L. N. Barber for Petitioner.

Galen McKnight for Respondents.

BARNARD, P. J.—The petitioner, as plaintiff, brought an action in the police court of the city of Fresno against one Perry D. Cash, as defendant, seeking damages in the sum of $665.75, alleged to have been suffered as the result of an automobile collision which took place near Mendota, some miles outside of the city of Fresno. The defendant Cash answered and after trial of the issues a judgment was entered in said police court in favor of this petitioner in the sum of $315.75, with costs.

Thereafter, the defendant Cash moved to vacate and set aside said judgment and to dismiss the action upon the ground that it was not within the jurisdiction of that court. Among other things, it appeared at the hearing of this motion that the defendant Cash was not a resident of the city of Fresno. An order was then entered in the said police court vacating and setting aside the judgment, denying the motion to dismiss the action and transferring the action to the Justice's Court of the Third Township of the County of Fresno. This petitioner appealed from that order to the Superior Court of the County of Fresno and, after a hearing there, that order was affirmed by that court.

The petitioner then brought this proceeding to review this order of the respondent court, his contention being that his

action in the police court had been terminated by the entry of a valid judgment in his favor; that after the entry thereof that court had no jurisdiction to set aside the judgment; that the respondents exceeded their jurisdiction in affirming the order setting aside the judgment; and that there is no appeal from this order of affirmance.

Under well-settled rules, a writ of review is directed only to the question of jurisdiction and such a writ will lie only where there is no right of appeal. (Sec. 1068, Code Civ. Proc.) While there is no appeal from the order made by the respondent court the question remains whether that court had jurisdiction to pass upon the appeal thus taken thereto by the petitioner from the order of the police court.

It is conceded that in the original action the police court obtained jurisdiction over the person of the defendant therein, he having made a general appearance. A question arose, however, as to whether that court had jurisdiction over the subject-matter of the action. It is unnecessary to decide that question here. Either that court had such jurisdiction or it did not. The petitioner strongly contends that it had jurisdiction, since he desires to sustain the judgment he obtained. His contention is that although that court had jurisdiction of the cause and of the parties it attempted to divest itself of such jurisdiction by setting aside the judgment, and that it exceeded its jurisdiction in making that particular order. If in making that order the police court exceeded its jurisdiction and if, further, there was no right of appeal from such order, *certiorari* would lie. (*People* v. *Superior Court,* 4 Cal. (2d) 136 [47 Pac. (2d) 724].) If we assume that the police court had jurisdiction over the subject-matter of this action, and that it exceeded its jurisdiction in setting aside the judgment upon the ground that it had no jurisdiction, the fact remains that the petitioner had the right to appeal from that order, which he did. Sections 75 and 76 of the charter of the city of Fresno provide that appeals may be taken to the superior court from judgments and orders of the police court of said city in all cases in which appeals may be taken from justices' courts under the laws of the state, and adopting the practice and procedure and laws of the state with reference to appeals from justices' courts. Section 975 of the Code of Civil Procedure provides for an appeal to the superior court by any party dissatisfied with

an order made after judgment, in a civil action, in a police or justice court.

■ Although the petitioner availed himself of that right and appealed to the respondent court he now claims that said court had no jurisdiction over that appeal because the police court exceeded its jurisdiction in making the order from which he appealed. He relies on certain cases as supporting his contention that jurisdiction on appeal is derivative and that when the inferior court has no jurisdiction the superior court acquires none by the appeal. A different situation is here presented where, in accordance with our assumption and with petitioner's admission and contention, the police court had jurisdiction over the cause of action. If that court had jurisdiction it could not, of course, divest itself of jurisdiction. If the order setting aside the judgment had that effect that order was, under the plain provisions of the statute, reviewable on appeal and was so reviewed. The right of appeal in such a case is provided by statute and it necessarily follows that where that right was exercised, as it was here, the respondent court had jurisdiction to entertain and pass upon the appeal. The respondent court having acted within its jurisdiction in deciding the appeal thus taken by this petitioner, this writ will not lie. The petitioner is, in effect, attempting to obtain the benefit of two appeals when the same is not provided for by law. (*Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317]; *De Matei* v. *Superior Court,* 74 Cal. App. 147 [239 Pac. 853]; *Erickson* v. *Municipal Court,* 219 Cal. 737 [29 Pac. (2d) 192].) The following language from *Armantage* v. *Superior Court,* 1 Cal. App. 130 [81. Pac. 1033], is applicable here:

"The fact is, the petitioner here, having no appeal from the decision of the superior court, is endeavoring to substitute *certiorari* for an appeal, and thereby have reviewed the objections made and the exceptions taken in the superior court that he is prohibited from having reviewed upon appeal. This he may not do. It has been held in every late case in our supreme court, where the question has been squarely raised, that *certiorari* goes only to the jurisdiction or power of the court to act, and can never be substituted for an appeal to review the mere errors of a judicial tribunal."

■ If, on the other hand, we assume that the police court had no jurisdiction over the subject-matter of the

original cause of action in question, petitioner is in no better position. If that court had no such jurisdiction its order setting aside the judgment was proper. (Code Civ. Proc., sec. 473.) If the petitioner thought that the police court was in error in holding that it had no jurisdiction, he had the right to appeal, as he did, and the superior court had jurisdiction to consider that appeal and to reverse the order if it found the same to have been erroneously entered. In the event the police court had no jurisdiction over the subject-matter of the action anything done in this proceeding could not benefit the petitioner. In order to be successful in his effort to sustain his judgment he must establish the fact that the police court had jurisdiction of this cause of action and in so doing he forecloses himself from the possibility of relief through this writ, since he had a right of appeal through the exercise of which he conferred jurisdiction upon the respondent court.

For the foregoing reasons the writ is discharged.

Marks, J., and Griffin, J., concurred.