[Civ. No. 11187.   First Appellate District, Division One.—February 27, 1940.]

EUGENE PATON, Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Gladstein, Grossman & Margolis for Petitioner.

Francis P. Healey, District Attorney, and J. Vance Porlier, Deputy District Attorney, for Respondents.

WARD, J.—This is a petition to review an order of the Superior Court of the State of California, in and for the County of Contra Costa, forfeiting certain money deposited by petitioner as bail to secure the release of four defendants charged with, and subsequently convicted of, criminal offenses.

After trial and following verdicts by a jury, the judgments in three of the cases directed that the respective defendants be punished by imprisonment in the county jail for the term of thirty days and by the payment of a fine in each case in the sum of $250; that in the event of the failure to pay the fine the defendant be confined in the county jail one day for each $2 of said fine remaining unpaid. In the case of the fourth defendant, while the amount of the fine was the same, the period of confinement in the county jail was fixed at six months.

The four orders sought to be reviewed each set forth in substance that the named defendant had been convicted of a misdemeanor, to wit, violation of section 148 of the Penal Code; that bail had been deposited pending determination of appeal; that each appeal had been dismissed; that the respective *remittiturs* from the appellate court had been received and filed and that each defendant had surrendered himself into the custody of the sheriff to serve the sentence directed in the judgment. The court thereupon adjudged and decreed that from the deposited bail the county should retain as and in satisfaction of the fines the sum noted in each judgment. Subsequently, a motion to vacate the orders applying to the payment of the fines part of the deposited bail was denied, as was also a motion to exonerate the bail

deposit. This petition for a writ of review was subsequently filed.

The question involved in this particular proceeding is practically identical with the subject of review in *Rodman* v. *Superior Court*, 13 Cal. (2d) 262 [89 Pac. (2d) 109], namely, the legality of an order by the court appropriating bail money deposited by a third party for the appearance of a defendant in a criminal action to the payment of a fine imposed upon the defendant. The decision in the Rodman case, holding that the action of the trial court was in excess of its jurisdiction, is applicable here. This is not to be construed, however, as giving affirmative relief; that is, as a ruling on the question of title to the bail deposit, which question may be determined in a separate proceeding.

Respondents upon appeal raise the defense of laches. There must be a showing of damage in order to support such a defense. Upon the oral argument, respondents, through counsel, admitted that no particular damage had resulted through delay and that the county was not prejudiced thereby. We therefore eliminate any defense based thereon. (*Security-First National Bank* v. *Superior Court*, 132 Cal. App. 683 [23 Pac. (2d) 1055].)

The orders in question are annulled.

Peters, P. J., and Knight, J., concurred.