[L. A. No. 18059. In Bank. May 1, 1942.]

REDLANDS HIGH SCHOOL DISTRICT et al., Petitioners,
v. THE SUPERIOR COURT OF SAN BERNARDINO
COUNTY, Respondent.

Hunter & Liljestrom and Mills, Hunter, Dunn & Liljestrom for Petitioners.

Grant Holcomb and Alden Reid for Respondent.

GIBSON, C. J.—An action was commenced in the Justice's Court of San Bernardino Township against the Redlands High School District and the trustees of the district, petitioners herein, to recover damages for personal injuries incurred by a pupil in the school while playing a game under the direction of a teacher. The petitioners contended in the justice's court that the plaintiff was barred because no verified claim had been filed with the secretary or clerk of the school district within ninety days after the accident, as required by section 2.801 of the School Code. Judgment was rendered for the plaintiff, however, and petitioners (defendants) took an appeal upon both the law and the facts to the Superior Court in San Bernardino County, contending that no cause of action had been stated and that the superior court had no jurisdiction because no verified claim had been filed. The superior court, after a trial de novo, found that no verified claim was filed but rendered a judgment for the plaintiff nevertheless. Petitioners then applied to the District Court of Appeal, Fourth Appellate District, for a writ of certiorari to annul the judgment of the superior court upon the ground that the filing of a verified claim is a jurisdictional prerequisite under the statute, in the absence of which the superior court had no power to render a judgment for the plaintiff. Petitioners also contended that no appeal would lie from the judgment of the superior court and that they had no adequate remedy other than by a writ of review. The district court of appeal denied the petition and thereafter a hearing was granted in this court.

The writ of certiorari is available in this state only if the following conditions are present: (1) an excess of jurisdiction on the part of an inferior tribunal; (2) no right of appeal; and (3) no other plain, speedy and adequate remedy. (Code Civ. Proc., § 1068; *Noble* v. *Superior Court,* 109 Cal. 523 [42 Pac. 155]; see, also, *Howaldt* v. *Superior Court,* 18 Cal. (2d)

114 [114 P. (2d) 333]; *Young* v. *Superior Court,* 16 Cal. (2d) 211 [105 P. (2d) 363]; *Estrin* v. *Superior Court,* 14 Cal. (2d) 670 [96 P. (2d) 340].) ▮ In the present case the writ of certiorari was properly directed to the judgment of the superior court rather than to the judgment of the justice's court since the existence of a right of appeal from the judgment of the latter court makes the writ to review its judgment unavailable. (*Olcese* v. *Justice's Court,* 156 Cal. 82 [103 P. (2d) 317]; *Associated Credit Exch.* v. *Barnett,* 85 Cal. App. 255 [259 Pac. 95]; *Kempton* v. *Superior Court,* 3 Cal. App. (2d) 374 [39 P. (2d) 846]; see, also, *Ivory* v. *Superior Court,* 12 Cal. (2d) 455, 459 [85 P. (2d) 894]; *Gray* v. *Schupp,* 4 Cal. 185; 4 Cal. Jur. 1052 *et seq.*) After an appeal to the superior court from a judgment in a justice's court as provided in Code of Civil Procedure, sections 973-982, no further appeal to the higher courts of the state exists in cases such as the present one under our constitutional and statutory provisions. (Const. art. VI, §§ 4, 4b, 5; Code Civ. Proc., §§ 973-982; 6 Cal. Jur. 10 Yr. Supp. 699-701.) If, therefore, the superior court has exceeded its jurisdiction in this case, the absence of a speedy and adequate remedy by appeal or otherwise entitles petitioners to a writ of review for the purpose of annulling the action of the superior court. (See *Olcese* v. *Justice's Court, supra,* p. 86; *Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716]; *Shealor* v. *Superior Court,* 70 Cal. 564 [11 Pac. 653]; 4 Cal. Jur. 1042 *et seq.;* 6 Cal. Jur. 10 Yr. Supp. 711.)

▮ The jurisdiction of a superior court upon an appeal from the justice's court is dual in nature and the question whether the court has exceeded its jurisdiction in a given case depends, to a large extent, upon which of the two kinds of appeal is involved. A party who is dissatisfied with a judgment rendered in a justice's court may, within thirty days, appeal upon questions of law and the case is determined by the superior court upon a statement of the case settled by the justice who rendered the judgment. Upon such an appeal the superior court may affirm, reverse, or modify the judgment and may direct the proper judgment to be entered or direct that a new trial be held. (Code Civ. Proc., §§ 975, 980.) The dissatisfied party, however, may also appeal upon questions of fact or questions of fact and law and, in that event, no statement of the case is needed, for the case is tried anew in the superior court. Upon such a new trial the proceeding is conducted in all respects as any other trial in the superior court would be conducted and

the same statutory provisions are applicable, except for the requirement of written findings and conclusions of law. (Code Civ. Proc., §§ 976, 980a.) The cases indicate that the extent of the superior court's jurisdiction upon appeal from a justice's court depends upon which of these two forms of procedure is involved.

Where the superior court is engaged in reviewing questions of law and where there is no problem involving the conduct of a new trial in the superior court, the appellate jurisdiction of the superior court is determined by the same considerations which govern the jurisdiction of the higher appellate courts in this state. Thus, where an appeal on questions of law is involved, it has been held that the superior court is within its appellate jurisdiction to affirm or reverse the judgment of the justice's court regardless of whether the justice's court had jurisdiction at the original trial of the action. (*Culver* v. *Superior Court*, 185 Cal. 144 [195 Pac. 1055]; *Southern Pac. R. R. Co.* v. *Superior Court*, 59 Cal. 471; *Sherer* v. *Superior Court, supra; Roberts* v. *Police Court*, 185 Cal. 65, 67 [195 Pac. 1053]; *Moyer* v. *Superior Court*, 29 Cal. App. (2d) 330, 333 [84 P. (2d) 240]; *cf. Maxson* v. *Superior Court*, 124 Cal. 468 [57 Pac. 379].) In *Culver* v. *Superior Court, supra,* the superior court affirmed the judgment of a justice's court and when certiorari was sought this court said (p. 145): "If it did not state such facts [facts sufficient to show the commission of a public offense], the superior court *erred* in affirming the judgment, but that was mere error in the exercise of its lawful jurisdiction. If for any reason, the judgment of the justice's court is *void* for want of jurisdiction, the superior court nevertheless had *jurisdiction* to affirm it." This is the ordinary rule where an appeal is involved if it is contended that the trial court was without jurisdiction. (See 2 Cal. Jur. 127.) Similarly, in *Southern Pac. R. R. Co.* v. *Superior Court, supra,* where neither the justice's court nor the superior court acquired jurisdiction over the person of the defendant and where the appeal was on issues of law alone, this court said (p. 474): "If, therefore, the superior court had reversed the judgment of the justice's court, we would have refused this writ [prohibition], whether we agree with the former Court or not. So if the superior court had affirmed the judgment of the justice's court, not because such judgment would have been right, but because the superior court had jurisdiction to reverse or affirm it." Under these cases, if the action of the superior court here had involved an appeal on questions of law alone, it is

clear that although in error, the court would have had jurisdiction to affirm the judgment in favor of plaintiff rendered by the justice's court regardless of whether the filing of the verified claim is considered to be a jurisdictional prerequisite to such an action in a justice's court.

The appeal in the present case, however, was taken upon questions of fact and law, and the superior court conducted a new trial as required by the code. Where a superior court is exercising its jurisdiction under the statute to conduct a new trial on appeal many cases have held that the trial jurisdiction of the superior court is derivative in nature and is as limited in extent as is the jurisdiction of the justice's court. (See 6 Cal. Jur. 10 Yr. Supp. 626.) In such cases, if the justice's court is without jurisdiction to conduct an original trial of the action, the superior court is likewise without jurisdiction to conduct a new trial of the action on appeal. (*Southern Pac. R. R. Co.* v. *Superior Court, supra,* p. 475; *Ballerino* v. *Bigelow,* 90 Cal. 500 [27 Pac. 372]; *Will* v. *Sinkwitz,* 39 Cal. 570; *City of Santa Barbara* v. *Eldred,* 95 Cal. 378 [30 Pac. 562]; *Hoban* v. *Ryan,* 130 Cal. 96 [62 Pac. 296]; *Shealor* v. *Superior Court, supra; Bates* v. *Ferrier,* 19 Cal. App. 79 [124 Pac. 889]; *Barnett* v. *Hull,* 19 Cal. App. 91 [124 Pac. 885]; *Tracy* v. *Sumida,* 31 Cal. App. 716 [161 Pac. 503]; *Couldthirst* v. *Southern Pac. R. R. Co.,* 49 Cal. App. 525 [193 Pac. 796].) ''Thus, the measure of the jurisdiction of justices' courts in these matters is fixed and determined by law. The appeal from the justice's to the superior court does not enlarge the jurisdiction as to such cases.'' (*Ballerino* v. *Bigelow, supra,* p. 503.) In a certiorari proceeding this court held, ''The value of the property having been averred in the complaint to be $319 . . . neither the justice's court nor the superior court on appeal [for purposes of a new trial] had jurisdiction of the action. The judgment of the superior court must be annulled and quashed.'' (*Shealor* v. *Superior Court, supra,* p. 565.) The court said, in *Tracy* v. *Sumida, supra,* page 717, ''. . . where jurisdiction of an action is derived from a justice's court on appeal from a judgment rendered therein the superior court may not, by permitting an amendment of the complaint, acquire jurisdiction in excess of that of the justice's court from which the appeal is taken. . . . In our opinion, since the jurisdiction of a justice of the peace in an action to recover money upon contract is limited to an amount not in excess of three hundred dollars, the jurisdiction of the superior court on ap-

peal from a judgment rendered therein is likewise limited to such an amount. In other words, the superior court by virtue of the appeal acquires only such jurisdiction as the justice of the peace had.''

It is at once apparent that the jurisdiction of a superior court to conduct a new trial on appeal following a judgment in a justice's court is materially different from the ordinary appellate jurisdiction involved in an appeal upon questions of law. The new trial on appeal is, in fact, a substitute for the ordinary appeal and the superior court is substituting itself for the justice's court. (*Cf. Maxson* v. *Superior Court, supra,* p. 470; *People ex rel. Hitchcock* v. *Freelon,* 8 Cal. 517, 518.) This unusual type of appeal in the form of a new trial in the appellate court has been used in California upon appeals from justices' courts from the earliest days. (Stats. 1853, p. 276; Stats. 1854, ch. 54, p. 66; Practice Act of 1851 [1863 ed.], §§ 366, 367.) With the adoption of the Code of Civil Procedure in 1873 these provisions were continued as sections 974 through 980 of the code where they are still found. Where this particular procedure is involved, the ordinary rules governing appellate jurisdiction are not always applicable although it is held to be an exercise of appellate power. (*Raisch* v. *Sausalito Land etc. Co.,* 131 Cal. 215, 218 [63 Pac. 346]; *Townsend* v. *Brooks,* 5 Cal. 52.) Thus the courts have recognized a distinction between it and a true appeal on issues of law. (*Southern Pac. R. R. Co.* v. *Superior Court, supra; People ex rel. Hitchcock* v. *Freelon, supra; Armantage* v. *Superior Court,* 1 Cal. App. 130 [81 Pac. 1033].) In discussing the new trial proceeding on appeal the concurring opinion in *Armantage* v. *Superior Court, supra,* page 134, said: ''. . . the proceeding is not, properly speaking, an appeal; nor is the judgment said to be appealed from *reversed,* as it would be—if found erroneous—on appeal. But the judgment is vacated by the mere act of the so-called appellant, in the exercise of his option, and the cause transferred for all purposes to the superior court; which thereupon acquires original, or quasi-original, jurisdiction of the case. . . . The plain meaning of these provisions, therefore, seems to be, that the losing party shall have the option either of appealing from the judgment (in the ordinary sense of the term, appeal) on questions of law only, or of vacating the judgment, and transferring the case for trial of all issues, whether of law or fact, to the superior court. . . .'' Similarly, it has been said that the effect of an appeal on both law and fact followed by a new trial in the superior court

is to vacate the judgment in the justice's court and to provide for a trial in the superior court as though the case were originally brought in that court. (See *Bullard* v. *McArdle,* 98 Cal. 355, 359 [33 Pac. 193, 35 Am. St. Rep. 176]; *Holbrook, Merrill & Stetson* v. *Superior Court,* 106 Cal. 589, 593 [39 Pac. 936]; 37 L. R. A. (N. S.) 606, 616-618.) In *Southern Pac. R. R. Co.* v. *Superior Court, supra,* is found a clear example of the distinction between the two different types of appeal. In that case the court conceded that the superior court had the ordinary appellate jurisdiction to affirm or reverse a judgment of the justice's court although that court had no jurisdiction over the person of the defendant. (*Supra,* p. 474.) It was pointed out, however, that the superior court had no jurisdiction to conduct a new trial on appeal because it likewise had no jurisdiction over the person of the defendant. (*Supra,* p. 475.)

The distinction which is made between the exercise of true appellate jurisdiction by the superior court and the exercise of its new trial jurisdiction on appeal (that is, a distinction between appellate jurisdiction in its ordinary sense and derivative jurisdiction) serves to complicate the relationship between the justices' courts and the superior courts in many ways. It is, nevertheless, a distinction which cannot be ignored in view of the many cases which have passed upon the point.

 The characterization of the superior court's jurisdiction to conduct a new trial on appeal as derivative in nature, however, is not a complete description. Absence of jurisdiction in the justice's court will not bar the new trial on appeal in the superior court if the jurisdictional defect has been corrected in the meantime. Thus, the superior court has jurisdiction to conduct a new trial on appeal although the justice's court originally had no jurisdiction over the person of the defendant in a case where the defendant has submitted himself to the superior court's jurisdiction. (*American Law Book Co.* v. *Superior Court,* 164 Cal. 327 [128 Pac. 921]; *Meads* v. *Warne,* 133 Cal. App. 27, 30 [23 P. (2d) 773]; *Armantage* v. *Superior Court, supra.*) A further qualification must also be made. The rule that the superior court's jurisdiction to conduct a new trial on appeal is limited to cases in which, under the state of facts presented to the superior court, a justice's court would have jurisdiction over an original action is obscured in certain cases by the fact that the superior court may have original trial jurisdiction even

though it has no jurisdiction to conduct a new trial on appeal. Where the justice of the peace has no jurisdiction over the action it is his duty to transfer the case to a court which does have jurisdiction, in most cases the superior court. (Code Civ. Proc., § 396, formerly Code Civ. Proc., § 838.) If the justice improperly tries the case and thereafter the superior court undertakes to try it anew on appeal, it is clear under the cases above that the superior court is without jurisdiction to conduct the new trial on appeal. (*City of Santa Barbara* v. *Eldred, supra,* p. 381.) Since the case is within the original trial jurisdiction of the superior court, however, the proper procedure would have been to transfer the case for trial in the same superior court. Where that is not done but the case is tried in the justice's court and thereafter is tried anew before the superior court, a well established line of cases has held that in the absence of seasonable objection by the parties it will be treated as though the case originally started in the superior court and an appeal may be taken therefrom. In other words, although a lack of jurisdiction to conduct a new trial on appeal still exists, the procedure constitutes a mere irregularity so far as the original trial jurisdiction of the superior court is concerned. (*City of Santa Barbara* v. *Eldred, supra; Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132 [37 Pac. 196] ; *De Jarnatt* v. *Marquez,* 132 Cal. 700 [64 Pac. 1090] ; (distinguishing and limiting *Ballerino* v. *Bigelow, supra,* on this precise point only) ; *Nolan* v. *Hentig,* 138 Cal. 281 [71 Pac. 440] ; *City of Madera* v. *Black,* 181 Cal. 306 [184 Pac. 397].) In the present case, however, there is no contention that the action is within the original jurisdiction of the superior court or that there was any alteration in the cause which would bring it within the superior court's jurisdiction to conduct a new trial on appeal, assuming that the case was originally outside the jurisdiction of the justice's court. Since a trial de novo on appeal in the superior court is involved, the question whether the superior court had jurisdiction to conduct the new trial on appeal depends, under the principles set forth above, upon whether the filing of a verified claim as required by statute was a jurisdictional prerequisite to plaintiff's cause of action.

Petitioners base their claim that the superior court exceeded its jurisdiction upon the fact that no verified claim was filed within ninety days, as is required by the provisions

of section 2.801 of the School Code. Respondents advance two arguments in opposition to this contention. First, it is said, the present action may be maintained under General Laws, Act 5150 (Deering's Gen. Laws, [1937] Act 5150), without the necessity for filing any claim. In support of this argument respondents cite the cases of *Jackson* v. *City of Santa Monica*, 13 Cal. App. (2d) 376 [57 P. (2d) 226]; *Kenney* v. *Antioch Live Oak School Dist.*, 18 Cal. App. (2d) 226 [63 P. (2d) 1143]; and *Ogando* v. *Carquinez Grammar School Dist.*, 24 Cal. App. (2d) 567 [75 P. (2d) 641].) These cases, which construed the provisions of Act 5150 prior to its amendment in 1937, held that the requirements of that section (including the requirement for filing a claim within ninety days) because of a defect in the title of the act were constitutionally inoperative where an action to impose liability upon municipalities and political subdivisions, rather than upon the officers of such bodies, was involved. (*Jackson* v. *City of Santa Monica, supra,* pp. 386, 389.) It was also held that the requirements of the act were inoperative so far as liability due to negligence generally was involved, rather than liability due to negligence in connection with defective or dangerous conditions of public streets and grounds. (*Jackson* v. *City of Santa Monica, supra; Kenney* v. *Antioch Live Oak School Dist., supra,* p. 230; *Ogando* v. *Carquinez School Dist., supra,* p. 569.) The legislature attempted in 1937 to remedy the defective title of Act 5150 as to the latter point by amending the title to include liability based upon the negligence of officers generally (Stats. 1937, p. 585), but respondents contend that this amendment also was inoperative because the title of the act was defective. (*Cf. Jackman* v. *Patterson,* 42 Cal. App. (2d) 255 [108 P. (2d) 682].) It is not necessary in the present case, however, to discuss these contentions since the provisions of Act 5150 do not purport to include actions against political subdivisions such as school districts, as distinguished from actions against the officers of such bodies. As the court said in *Jackson* v. *City of Santa Monica, supra,* page 389 : "The title of the act, relating solely to the matter of liability of officers and procedure to enforce the same, given the most liberal construction, excludes the subject of procedure for enforcing the liability of cities and other political subdivisions. . . ." It follows, therefore, that plaintiffs' action against the school district can be maintained only

in accordance with the provisions of the School Code, section 2.801. Since 1937 that section has provided: ''Boards of school trustees . . . are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district, or its officers or employees; provided, however, that a verified claim for damages shall have been presented in writing and filed with the secretary or clerk of the school district within ninety (90) days after such accident has occurred. . . .'' (Sch. Code, § 2.801; Stats. 1937, p. 414.) The section also prescribes the information to be contained in the claim.

Finally, respondents deny that the failure to file a claim as required by section 2.801 of the School Code is a jurisdictional defect which may be urged upon this petition for a writ of certiorari. ■ Cases have established that the liability of municipalities, counties and school districts for the negligent acts of their officers and employees is derived solely from statutory provisions in this state. Any plaintiff, therefore, must fulfill the mandatory requirement that a verified claim be filed as a prerequisite to maintaining a suit under the statute and failure to file such a claim is fatal to the cause of action. (*Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123, 128 [53 P. (2d) 353]; *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 P. (2d) 320]; *Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 P. (2d) 185]; *Farmers etc. Bank* v. *City of Los Angeles,* 151 Cal. 655 [91 Pac. 795]; *Wicklund* v. *Plymouth E. School Dist.,* 37 Cal. App. (2d) 252 [99 P. (2d) 314]; *Wilkes* v. *City and County of San Francisco,* 44 Cal. App. (2d) 393 [112 P. (2d) 759]; *Kline* v. *San Francisco U. School Dist.,* 40 Cal. App. (2d) 174 [104 P. (2d) 661, 105 P. (2d) 362]; *Myers* v. *Hopland U. E. School Dist.,* 6 Cal. App. (2d) 590 [44 P. (2d) 654]; *Hall* v. *City of Los Angeles,* 19 Cal. (2d) 198 [120 P. (2d) 13].)

Petitioners rely upon recent decisions which have held that a court having jurisdiction over the subject-matter of an action and over the parties acts in excess of its jurisdiction for the purposes of certiorari or prohibition when it exercises its power in an unauthorized manner. This court has said, ''Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the

doctrine of *stare decisis*, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari.*" (*Abelleira* v. *District Court of Appeal*, 17 Cal. (2d) 280, 291 [109 P. (2d) 942, 132 A. L. R. 715].) Thus, where the action of a court is in violation of constitutional restrictions upon its power, it has been held that the court has exceeded its authority. (*Fortenbury* v. *Superior Court*, 16 Cal. (2d) 405 [106 P. (2d) 411]; *McClatchy* v. *Superior Court*, 119 Cal. 413 [51 Pac. 696, 39 L. R. A. 691]; *Langdon* v. *Superior Court*, 65 Cal. App. 41 [223 Pac. 72].) Where statutory limitations or restrictions upon a court's power to act are violated, many cases have held that such unauthorized acts are in excess of the court's jurisdiction for purposes of *certiorari* or prohibition. (See, for example, modification of court's judgment or the granting of a new trial in violation of statutory limitations on such power: *Treat* v. *Superior Court*, 7 Cal. (2d) 636 [62 P. (2d) 147]; *Lankton* v. *Superior Court*, 5 Cal. (2d) 694 [55 P. (2d) 1170]; *Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]; *Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36]; *Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357]; *Estate of Paulsen*, 179 Cal. 528 [178 Pac. 143]; *Lang* v. *Superior Court*, 71 Cal. 491 [12 Pac. 306, 416]; *Colthurst* v. *Justice's Court*, 100 Cal. App. 146 [279 Pac. 812]. Failure of a court or tribunal of limited statutory jurisdiction to comply with the express limitations contained in the statute: *Olcese* v. *Superior Court*, 210 Cal. 566 [292 Pac. 964]; *Texas Co.* v. *Bank of America etc. Assn.*, 5 Cal. (2d) 35 [53 P. (2d) 127]; *Spreckels Sugar Co.* v. *Industrial Accident Com.*, 186 Cal. 256 [199 Pac. 8]. Issuance of an injunction against the enforcement of a public statute in violation of a statutory limitation on such power: *Reclamation Dist.* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845]; *Evans* v. *Superior Court*, 14 Cal. (2d) 563 [96 P. (2d) 107]; *Loftis* v. *Superior Court*, 25 Cal. App. (2d) 346 [77 P. (2d) 491]. Attempted use of bail deposited by a third person in satisfaction of the fine levied against a defendant in violation of statutory restrictions: *Rodman* v. *Superior Court*, 13 Cal. (2d) 262 [89 P. (2d) 109]; *Hudson* v. *Police Court of Oakland*, 39 Cal. App. 149 [178 Pac. 172]; *Paton* v. *Superior Court*, 37 Cal. App. (2d) 475 [99 P. (2d) 698].) Similarly, there are certain procedural rules developed by the courts which operate as a limitation on their power and

are so fundamental in their nature that any violation thereof constitutes an excess of jurisdiction for the purposes of *certiorari* or prohibition. (For example, failure to exhaust the administrative remedies provided by statute before resorting to a court of law to challenge the order of an administrative agency: *Abelleira* v. *District Court of Appeal, supra; United States* v. *Superior Court*, 19 Cal. (2d) 189 [120 P. (2d) 26]; *Louis Eckart B. Co.* v. *Unemployment R. Com.*, 47 Cal. App. (2d) 844 [119 P. (2d) 227]. Failure to join an indispensable party in an action where his rights will inevitably be affected by the court's decree: *Bank of California* v. *Superior Court*, 16 Cal. (2d) 516 [106 P. (2d) 879].)

The requirements of section 2.801 of the School Code, however, cannot be brought within the doctrine of those cases involving statutes which restrict the power of the courts. Under the provisions of that section, liability on the part of the school district (that is, the waiver of sovereign immunity) is made dependent upon the filing of a claim within ninety days. That requirement, however, is one which goes to the elements of the plaintiff's right to recover rather than to the power of the court. Judgment in favor of the plaintiff in the absence of such a claim is a grievous error of law and a violation of statute. But not every violation of a statute constitutes excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of *certiorari* or prohibition.

Where, as here, the statute does not restrict the power of the court but merely sets up a condition precedent to the establishment of the plaintiff's cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction. (*Cf. Karry* v. *Superior Court*, 162 Cal. 281, 284 [122 Pac. 475, 128 Pac. 760]; *Estrin* v. *Superior Court*, 14 Cal. (2d) 670, 674 [96 P. (2d) 340].)

No case which involves the filing of a claim as a prerequisite to establishing liability against a municipality or school district has been called to our attention which characterizes the requirement as jurisdictional. *Hill* v. *Superior Court*, 16 Cal. (2d) 527 [106 P. (2d) 876], which is especially relied upon by petitioners, merely states the general rule set forth above as to the broad concept of excess of jurisdiction where *certiorari* or prohibition is involved. The actual holding of the

case in no way militates against the conclusions which have been announced herein. The superior court indicated in that action that it would refuse to proceed with an action to recover embezzled funds brought against the former executor of an estate and would discharge an attachment secured against him upon the ground that the action was prematurely brought. The theory upon which the superior court acted was that because the settlement of an executor's account is within the exclusive jurisdiction of a probate court, no suit to recover embezzled funds could be maintained until the probate court determined what amount was chargeable against the executor by settling his accounts. A writ of prohibition was granted to prevent the superior court from denying its jurisdiction over such an action. (*Cf. Hall* v. *Superior Court*, 71 Cal. 550 [12 Pac. 672].) That case does not require us to hold, however, that the error in the present case constitutes an excess of jurisdiction on the part of the superior court. Since it is our conclusion that no excess of jurisdiction existed, the judgment of the superior court must be, and it hereby is, affirmed.

Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J., Concurring.—I concur in the conclusion reached in the majority opinion upon the sole ground that the failure to file a claim as required by section 2.801 of the School Code is not a jurisdictional prerequisite to the commencement or maintenance of an action in either the justice's or superior court.

I do not agree with that portion of the majority opinion which holds that certiorari will not lie to annul a void judgment of a justice's court where such void judgment has been affirmed on appeal to the superior court without a trial *de novo,* and I am of the opinion that a writ of *certiorari* should issue by this court to annul a void judgment of an inferior court in every case in which there is no remedy by appeal to this court.

The essential issue presented on review by *certiorari* of a judgment of a justice's court is whether or not that judgment is void; that is, did the court have jurisdiction to render it? If it did not, the judgment may be set aside when the remedy of *certiorari* is invoked. That is true whether the case is

criminal or civil, and whether the appeal is on issues of law alone, or of both law and fact, and whether a new trial or a trial *de novo* is had in the superior court or the justice's court.

It is stated in the majority opinion that *certiorari* lies if the court exceeds its jurisdiction. That may be amplified by the broader proposition that a judgment which is void because of a lack or excess of jurisdiction may be directly or collaterally attacked at any time or any place, and there is no sound reason why *certiorari* should not be available as the proper mode of attack. As stated in 15 Cal. Jur. 49:

"Generally speaking, if a judgment is void it is subject to collateral impeachment. It has been said that 'A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever.' "

It is true that *certiorari* will not lie if there is a remedy by appeal. But that is a mere procedural limitation. The matter ultimately rests in the sound discretion of the court. If the right of appeal has been exhausted without the judgment having been set aside or the time for appeal has expired, the judgment is nevertheless still as void as it ever was if the court lacked jurisdiction to render it. An affirmance on appeal by the appellate court cannot give it any vitality, even though the appellate court may have had jurisdiction to determine the issue. That follows because where a court lacks jurisdiction of the subject matter of the action, no act of the parties can confer jurisdiction upon it; it is distinguishable from the case in which jurisdiction over the person is conferred by express or implied consent of the parties.

It is the firmly established rule which has been lost sight of in many cases, that a void judgment cannot be given life or validity by a mere affirmance thereof by an appellate court, even though that latter court may have had appellate jurisdiction to determine that issue. This court said in *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633, 642 [42 Pac. 295, 50 Am. St. Rep. 67]:

"It has been held that the affirmance by an appellate court of a void judgment imparts to it no validity; and especially if such affirmance is put upon grounds not touching its validity." And again:

"Thus, where a void judgment had been affirmed on appeal by the Supreme Court of Texas, the court said: 'The judgment

of affirmance rendered by this court could not impart to it validity, but would itself be void by reason of the nullity of the judgment appealed from.' '' (See, also, *Ball* v. *Tolman,* 135 Cal. 375 [67 Pac. 339, 87 Am. St. Rep. 110] ; *Bank of Italy* v. *Cadenasso,* 206 Cal. 436 [274 Pac. 534].) It is said in *Pennell* v. *Superior Court,* 87 Cal. App. 375, 378 [262 Pac. 48] :

"The rule is well recognized that judgments void on their face may always be attacked either directly or collaterally. In *Estate of Pusey,* 180 Cal. 368, 374 [181 Pac. 648], it is said, quoting from *Forbes* v. *Hyde,* 31 Cal. 342, 348 : " 'A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever.' (See, also, *Pioneer Land Co.* v. *Maddux,* 109 Cal. 638 [50 Am. St. Rep. 67, 42 Pac. 295], and *Adams* v. *Adams,* 154 Mass. 290 [13 L. R. A. 275, 28 N. E. 260].) Moreover, the affirmance of a void judgment on appeal does not make it valid. (*Ball* v. *Tolman,* 135 Cal. 375 [87 Am. St. Rep. 110, 67 Pac. 339] ; *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633 [50 Am. St. Rep. 67, 42 Pac. 295].) ''

The cases of *Culver* v. *Superior Court,* 185 Cal. 144, 145 [195 Pac. 1055] ; *Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716] ; *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053] ; and *Moyer* v. *Superior Court,* 29 Cal. App. (2d) 330 [84 P. (2d) 240], should be disapproved. They rest upon the fallacious basis that *certiorari* is not available even though the justice's court lacked jurisdiction, because the superior court had appellate jurisdiction. They ignore the principle that an affirmance of a void judgment does not validate it, and that such a judgment is subject to attack at any time. Furthermore, it should be observed that in all of those cases the writ was sought to review the order of the superior court rather than the judgment of the justice's court, and it was held merely that the superior court had *appellate jurisdiction* to determine *whether the justice's court had jurisdiction to render the judgment attacked.* But even assuming that to be true, it appears from the authorities cited above that the affirmance by the superior court could not validate a void justice's court judgment. Thus, we are back where we started from with a void judgment which may be directly or collaterally attacked at any time. Therefore, *certiorari* would lie to annul the void judgment of the justice's court. The more reasonable

approach would be to say that the action of both the superior court and the justice's court is void and reachable on *certiorari*.

With those principles applied, no strange or unusual results are reached such as are indicated by the majority opinion. It is there concluded that if a new trial is had in a superior court after appeal on issues of both law and fact, then *certiorari* lies if there is an excess of jurisdiction, because the superior court is acting as a substitute for the justice's court. But if the appeal is on issues of law alone, *certiorari* does not lie because the superior court is exercising its appellate jurisdiction. There is no basis founded upon sound reasoning or considerations of practicability why the result should be different in one case than in the other. The basic inquiry in both instances is whether the judgment is void because the court lacked jurisdiction. If it is void in one instance it is equally void in the other. The affirmance on appeal can no more imbue the void judgment with life when the appeal is on issues of both law and fact than when it is on issues of law alone. While it may be that a lack of jurisdiction in *personam* in the justice's court could be cured by voluntary submission to the jurisdiction of the superior court in a trial *de novo*, it is difficult to see how lack of jurisdiction over the subject matter could be so waived. The jurisdiction of a court over the subject matter can never be conferred by the consent of the parties. Thus, if the superior court is substituting for the justice's court in holding a trial *de novo* on appeal and its jurisdiction over the subject matter is restricted by the same limits applicable to the justice's court, the parties cannot possibly confer jurisdiction on the superior court by their failure to reasonably object to the jurisdiction. The cases of *City of Santa Barbara* v. *Eldred*, 95 Cal. 378 [30 Pac. 562] ; *Hart* v. *Carnall-Hopkins Co.*, 103 Cal. 132 [37 Pac. 196] ; *De Jarnatt* v. *Marquez*, 132 Cal. 700 [64 Pac. 1090] ; *Nolan* v. *Hentig*, 138 Cal. 281 [71 Pac. 440] ; and *City of Madera* v. *Black*, 181 Cal. 306 [184 Pac. 397], overlook the fundamental issue involved; that is, if the court has no jurisdiction of the subject matter the conduct of the parties cannot cure the defect.

The most glaring illustration of the unsound and unjust results which will flow from the principles announced in the decision of the Chief Justice, occurs in appeals of justice's court judgments in criminal cases. There *certiorari* will not lie

to review the justice's court's judgment of conviction nor the affirmance thereof by the superior court on appeal even where the statute for the violation of which defendant is convicted is unconstitutional. Yet, if imprisonment rather than a fine be the punishment imposed, defendant has relief by way of habeas corpus. (*In re Bell*, 19 Cal. (2d) 488 [122 P. (2d) 22].) Whether a defendant convicted in a justice's court under an unconstitutional law has any remedy in this court is made wholly dependent upon whether a fine or imprisonment be the penalty. No reason has been advanced for such a manifestly absurd result, and I know of none. The incongruity of the results is further manifested in appeal in criminal cases. If the appeal is from a Class A justice's court and a new trial is ordered, the new trial is in the justice's court; but if a Class B court is involved then the new trial is in the superior court. (Pen. Code, sec. 1469.) Under the theory announced in the majority opinion, the defendant in an appeal from a Class B justice's court followed by a trial *de novo* and conviction could have a review by *certiorari,* but the defendant in an appeal from a Class A justice's court would have no such right upon affirmance of the judgment of conviction by the superior court. Furthermore, under the rule announced in the majority opinion a situation could arise where two defendants convicted in the same justice's court of a violation of an unconstitutional statute and who perfected separate appeals to the superior court, one conviction being affirmed without a trial *de novo* and the other being granted a trial *de novo* and convicted and sentenced in the superior court would not have the same opportunity to have their respective cases reviewed on *certiorari.* The defendant who succeeded in obtaining a trial *de novo* in the superior court would be entitled to the issuance of the writ, but the one whose conviction was affirmed by the superior court without being granted a trial *de novo* would not be entitled to have his case reviewed. This lack of uniformity in the operation of the law is in direct conflict with sec. 11 of article I of the Constitution of California which provides: "All laws of a general nature shall have a uniform operation."

If the statute under which both of the supposititious defendants above-mentioned were convicted was unconstitutional, the judgment of conviction against both of them would be void, and if both pursued the same remedy to have the

366

judgment of conviction against them declared void, they should be entitled to the same relief. The mere matter of whether the superior judge thought one of them should have a trial *de novo* in the superior court and the other should not, should not in the least affect the right of the one who was denied a trial *de novo* in the superior court to have the void judgment against him annulled on *certiorari*. It was such lack of uniformity, in my opinion, that the above-mentioned constitutional provision was designed to prevent.